No. 35,502

HAL A. LAMBETH, *Appellant,* v. FRANCES W. BOGART et al., *Appellee.*

(125 P. 2d 377)

Opinion filed May 9, 1942.

*A. A. Bryan,* of Paola, was on the briefs for the appellant.

*Leonard O. Thomas,* of Kansas City, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted to foreclose a mechanic's lien on an oil and gas lease. Judgment was for plaintiff, and plaintiff appeals from a subsequent judgment which modified the first judgment.

The appeal involves only one of the defendants, Frances W. Bogart, appellee. Personal service was had on her in the foreclosure action. She filed no answer, and on July 15, 1941, a default judgment was rendered against her in personam in the sum of $319.88, and the lien was foreclosed. The property was sold at sheriff's sale and the sale was confirmed. During the same term of court and on September 29, appellee filed a motion to set aside such part of the judgment as constituted a judgment against her in personam. The hearing on that motion was set for Saturday, October 4, 1941. That was the last day of the June term of court within which the foreclosure judgment was rendered. (G. S. 1935, 20-1010.) The hearing was continued by order of court until November 10, 1941, and on that date was again continued by order of court to November 24, 1941. On the latter date the original judgment was modified by setting aside the judgment in personam against appellee. The judgment in rem was declared to be in full force and effect and all subsequent proceedings involving the sale were again confirmed. The appeal is from the order and judgment modifying the original judgment.

A hearing was had on the motion to modify the judgment. It appears appellee obtained her interest in the oil and gas lease by assignment and that all of the claims which constituted liens, except a claim in the sum of $15, had been created prior to the time appellee obtained her interest in the lease. It would further appear there was ample evidence to support a specific finding, if made, that appellee had been given to understand no personal judgment would be rendered against her for any amount. At any rate, on the hearing of the motion to modify the judgment evidence was introduced on both sides of the question whether appellee had been advised no personal judgment would be rendered against her. The court considered the evidence and modified the former judgment as previously indicated.

At the outset we are confronted with serious objection by appellee to any consideration of the instant appeal. Appellee insists the ap-

peal should be dismissed by reason of appellant's utter failure to set forth in his abstract any specification of errors whatsoever. The contention cannot be ignored. Rule No. 5, of this court, among other things, specifically provides:

"The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered." (147 Kan. XIII.)

The rule has been printed repeatedly in various volumes of the Kansas reports. It is clear and is designed to promote definiteness, fairness and orderly procedure on appellate review. Specifically, its purpose is to advise both appellee and this court concerning the particular error, or errors, which appellant claims the trial court committed in rendering its judgment. All that the instant abstract contains is a notice that appellant appeals from the last judgment rendered. Of course, a notice of appeal does not constitute a specification of errors. It merely discloses that appellant objects to the judgment and that he appeals to this court.

We have repeatedly ruled that even an assignment of error which merely alleges the trial court erred in rendering the judgment does not present any specific question for review. (*Fagerberg v. Johnson,* 48 Kan. 434, 29 Pac. 684; *Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372; *Heniff v. Clausen,* 154 Kan. 716, 121 P. 2d 196.) Such an assignment, when actually made, amounts to nothing more than a statement that the judgment is wrong. It specifies no particular error and presents nothing for review.

The rule requires that the specification of errors complained of be set forth and numbered in the abstract. Here there was no compliance with the rule in appellant's abstract or original brief. It was not until appellee filed her brief and argued the case as well as she was able to argue it, in view of appellant's general objection to the judgment, that appellant even attempted to comply with Rule No. 5, in a reply brief. Manifestly, such late attempted compliance with the rule, if otherwise held to be sufficient, did not give appellee the intended notice of alleged errors to which she was properly entitled. The record before us requires that the appeal be dismissed. In view of that conclusion it manifestly would be inappropriate to discuss any of the contentions made on the attempted appeal. We may, however, say that as a matter of justice and fairness between the parties, assuming the trial court had jurisdiction to render the last judgment, it would appear appellant would have little, if any, ground for complaint on appeal. The appeal is dismissed.