No. 37,833

THERESE DUPONT, et al., *Appellees,* v. LOTUS OIL Co., et al., *Appellants.*

(213 P. 2d 975)

Opinion filed January 28, 1950.

*Arthur H. Snyder,* of Hutchinson, argued the cause, and *Bronce Jackson,* of Lyons, was with him on the briefs for the appellants.

*Frederick Woleslagel,* of Lyons, argued the cause, and *T. Paul Stevenson, T. Gra Gaston,* and *Granville M. Bush,* all of Lyons, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to cancel an oil and gas lease and quiet title to real estate for failure of the defendant lessees to produce oil from the premises covered by the lease beyond the expiration of the definite or primary terms of that instrument. The plaintiffs recovered and the defendants appeal. Plaintiffs cross-appeal from the trial court's order granting defendants a period of sixty days in which to remove their personal property, including casing in the hole, from the leased premises.

Before any consideration whatsoever can be given to the merits of this appeal we are constrained to dispose of a claim, advanced and strenuously urged by appellees, to the effect that because of appellants' failure to include any specification of errors in their abstract as required by the rule of this court the appeal presents no question for review and should be dismissed.

This challenge of appellants' right to be heard is based upon that portion of Rule No. 5 (see 166 Kan. XI; G. S. 1935, 60-3826 "Rules of the Supreme Court" No. 5) long in force and effect, which reads:

"The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered. . . ."

Resort to the record reveals appellants have made no attempt to comply with the rule in either their abstract or brief. In fact they make no contention to the contrary but attempt to avoid its application by filing a motion on the very day the cause was argued, which was resisted by appellees, requesting permission to supplement their abstract by inclusion instanter of a number of rulings complained of and set forth in the notice given by them in connection with the perfection of their appeal. While the court permitted the filing of this motion and allowed the parties to argue the cause it took no action with respect to the request therein made and reserved its ruling thereon. Having given that matter consideration it can now be said we have decided the motion came too late, is not to be regarded as a compliance with the requirements of Rule No. 5, and should be denied.

It is true that in the past we have been lenient with appellants who saw fit to disregard the clear and unequivocal requirements

of Rule 5. However, our opinions make it crystal clear our action in that respect has not been due to any thought the rule is arbitrary or of slight importance or that the reasons for its existence are not sound and substantial. Statements of such character, and others pointing out that noncompliance with its provisions justify the summary dismissal of appeals, are to be found in many of our decisions. For a few of the more recent ones see *Cooley v. Hebrew,* 165 Kan. 500, 502, 195 P. 2d 602; *Topping v. Tuckel,* 159 Kan. 387, 155 P. 2d 427; *Federal Farm Mortgage Corp. v. Bolinger,* 152 Kan. 700, 108 P. 2d 492.

In at least two of our later cases (See *Lambeth v. Bogart,* 155 Kan. 413, 125 P. 2d 377; *Hall v. Eells,* 157 Kan. 551, 142 P. 2d 703), appeals were dismissed for failure to comply with its requirements.

Indeed, on those occasions when its nonobservance has been overlooked, we think it can be said without fear of contradiction that we have indulged in what the late Justice Hoch termed "acts of grace" in the hope that litigants would take heed and observe; not disregard, this rule, designed to promote definiteness, fairness and orderly procedure on appellate review. Much to our regret, despite criticisms for failure to observe it and studied warnings as to the probability of its application in the future (See *Biby v. City of Wichita,* 151 Kan. 981, 101 P. 2d 919; *Carrington v. British American Oil Producing Co.,* 157 Kan. 101, 104, 138 P. 2d 463; *Federal Farm Mortgage Corp. v. Bolinger,* supra; *Shannep v. Strong,* 160 Kan. 206, 211, 160 P. 2d 683; *Hamilton v. Binger,* 162 Kan. 415, 419, 176 P. 2d 553), our leniency of the past has not accomplished what we had hoped for. Instead of reducing violations to a minimum it has increased them with the result that far too frequently we are forced into the intolerable situation of giving more consideration to appellants who disregard the rule than we can to appellants who observe it and are limited to the legal questions raised by their specifications of error. On that account, and since the need for Rule 5 far exceeds any possible reasons for its renunciation, we have concluded the time has come when its requirements should be rigidly enforced. It therefore follows that appellees' challenge of appellants' right to be heard in the instant appeal must be sustained.

The conclusion just announced dispenses with all necessity for a discussion of the numerous contentions advanced by appellants in support of grounds relied on by them for a reversal of the trial court's

judgment. We anticipate the possible suggestion that in view of past exceptions our newly announced policy of strict adherence will work a hardship upon these appellants. The obvious answer is that the publicized rules of this court are made to be complied with and that those who take chances and elect to disregard them cannot be heard to complain when they are enforced. Even so, we may, however, say that because of the prevailing conditions and circumstances we have not entirely overlooked the possibilities of hardship resulting from the announcement of our decision at this time in this particular case. An examination of the record reveals that the vital and all decisive issue therein involved was cessation of production and abandonment of an oil and gas lease under such circumstances as to result in the extinguishment of appellants' rights under its terms. It further discloses the trial court's decision against appellants on the factual question of abandonment was supported by ample evidence and that they would have little, if any, grounds for the reversal of its judgment on appeal.

One other point requires decision. By their cross-appeal appellees seek to reverse an order of the trial court permitting appellants to remove their casing from the well located on the leased premises within sixty days, contending that such order was contrary to the equity of the landowner. Under the facts of this case the claim has little merit. By express terms of the lease between the parties the appellants had the right to remove all their property from the leased premises at any time, including the right to draw and remove casing. In such a situation the trial court, even in the exercise of equity, had no right to write a new contract for the parties. Hence its order with respect to removal of the casing was not erroneous.

The appeal is dismissed.