No. 37,772

Lela Jo Wieneke, a minor, by and through her mother and next friend, Virgie Wieneke, *Appellant*, v. Charles Reed, a minor, and C. E. Reed, the father and natural guardian of the said Charles Reed, and Mr. and Mrs. C. E. Reed, *Appellees*.

(213 P. 2d 977)

Opinion filed January 28, 1950.

*Richard Hollingsworth*, of Wichita, argued the cause, and *Clarence R. Sowers*, of Wichita, was with him on the briefs for the appellant.

*Byron Brainerd*, of Wichita, argued the cause, and *Claude I. Depew, W. E. Stanley, Lawrence Weigand, William C. Hook, Lawrence E. Curfman* and *Wm. C. Kandt*, all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, C. J.: This was an action for personal injuries sustained by plaintiff, alleged to have resulted from the defendants' negligence in handling an automobile in which plaintiff was riding so that it was turned over, with the result plaintiff was injured. In plaintiff's second amended petition the facts were pleaded in three causes of action. The trial court sustained defendants' motions to strike the second and third alleged causes of action. These motions were sustained for the reason the court held that there was but one cause of action. Counsel for plaintiff then filed a third amended petition.

To this the defendants severally moved to strike one paragraph and that the remainder of the third amended petition be made definite and certain in a number of particulars. Counsel for plaintiff opposed those motions and they were overruled. Defendants then demurred to the third amended petition upon the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were sustained. Plaintiff has appealed from the order of the court striking the second and third purported causes of action in the second amended petition, and also has appealed from the

ruling of the court sustaining the demurrers of the defendants to the third amended petition.

The difficulty of the court considering the appeal is that there are no specifications of error in the abstract as required by our Rule 5, the pertinent part of which reads:

"The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered."

(See *DuPont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, and authorities cited therein.) Also, the brief does not contain a statement of the legal questions involved as required by our Rule 6, the pertinent portions of which read:

"(3) The brief for appellant shall contain: (*b*) A statement of the question involved, or separately numbered statements of the several questions involved, in very brief and very general terms, to enable the court to acquire immediate comprehension of the nature of the controversy."

For these reasons the appeal will have to be dismissed. Notwithstanding that, we have examined the record and feel confident that we would have to affirm the judgment of the trial court if the case were not dismissed.

The appeal is dismissed.