No. 38,660

Arlie Miller, *Appellant,* v. Robert M. Rath, James E. Ely, et al., *Appellees.*

(244 P. 2d 1213)

Opinion filed June 7, 1952.

*George R. Gould,* of Dodge City, was on the briefs for the appellant.

*Horace H. Rich,* and *Harold S. Herd,* both of Coldwater, were on the briefs for the appellees.

The opinion of the court was delivered by·

Wertz, J.: This was an action brought to foreclose a real estate mortgage. Appellant's abstract consists of a statement of facts of ten lines in which he states that the petition sets forth the mortgage, the amount due thereon as against the primary defendant (appellee Robert M. Rath), and alleges that certain others including defendant James E. Ely have or claim some interest in the property covered by the mortgage. It appears from the trial court's order that Ely was a judgment creditor of defendant Rath, the original mortgagor. None of the pleadings are abstracted, and who the other parties to the action were is not disclosed. The abstract contains nothing more than an order of the trial court setting forth that on the 9th of November, 1951, there came on for hearing a motion of defendant Ely for judgment declaring that his lien was prior to that of the mortgage lien owned by the plaintiff Miller (appellant here). The record does not disclose the contents of this motion nor the

stage of the proceedings at which it was lodged. The court found that the judgment of the defendant Ely was a prior lien on the property in question to that of the mortgage lien held by plaintiff Miller. From the court's order, plaintiff appealed to this court.

Appellant's abstract contains neither a clear statement of the facts nor any specification of errors. Rule 5 of the Rules of the Supreme Court (169 Kan. XI, G. S. 1949, 60-3825), long in force and effect, reads in pertinent part:

"In appealed cases the appellant shall print an abstract of the record which shall reproduce such portions thereof as it is necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose . . . The appellant's abstract shall include a specification of the errors complained of separately set forth and numbered."

A review of the record reveals that appellant has made no attempt to comply with the rules of this court, and we have repeatedly held in a long line of decisions that failure to comply with the rules of the court by setting forth the specification of errors complained of is fatal, and the action will not be considered. (*Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, and cases cited therein; *City of Independence v. Wendorff*, 169 Kan. 14, 216 P. 2d 820). The purpose of the mentioned rule is to promote definiteness, fairness and orderly procedure on appellate review, and the sound and substantial reasons supporting it require its rigid enforcement. (*Dupont v. Lotus Oil Co.*, supra.) Moreover, appellant has failed to reproduce such portions of the record in the cause below as would enable this court to arrive at a full understanding of the question presented for review and to arrive at any intelligent conclusion on the appeal.

Moreover, it is apparent from a reading of the record that the order entered therein was not a final order and that the parties apparently recognized this fact, as the record discloses they entered into a stipulation, a portion of which reads:

"The judgment of the District Court of Ford County, Kansas, entered herein on November 9, 1951, adjudging the judgment lien of the defendants James E. Ely and Mrs. James E. Ely prior to the mortgage lien of the plaintiff Arlie Miller, is a final order insofar as these stipulating parties are concerned."

Our jurisdiction to reverse, vacate or modify an order of the district court is controlled by G. S. 1949, 60-3302. A pertinent part thereof provides:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record,

except a probable court. First—A final order. Second—An order that discharges, vacates or modifies a provisional remedy; or that grants, refuses, vacates or modifies an injunction; or that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer. Third—An order that involves the merits of an action, or some part thereof. Fourth—An order appointing a receiver, or any order refusing to revoke, modify or change any order appointing a receiver, but a failure to appeal shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case."

If the trial court's order comes under any of the mentioned provisions, it is the first one. The question therefore is, was this a final order? G. S. 1949, 60-3303 defines the term "final order." It reads in part:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment."

A further question confronting us is whether a decision by us on the appeal would end the progress of the cause, or would further action be necessary. It is apparent from the record that this was an action to foreclose a mortgage. No final judgment has been rendered in that action foreclosing the mortgage. The only order made by the trial court was that the lien of Ely, the judgment creditor, was superior to the mortgage lien of the plaintiff. There was no determination of amounts due any litigant, or of the priority of claims of any other defendant in the action.

It is apparent from the foregoing that the order made by the trial court is not a final order, and the parties to this appeal cannot by stipulation consider it as such for the purpose of conferring jurisdiction on this court. This court has repeatedly held that an order of the trial court to be a final order and appealable must be such an order as would result in a final determination of the action. (*Fincham v. Fincham,* 171 Kan. 120, 231 P. 2d 232; *Western Shale Products Co. v. City of Fort Scott,* 172 Kan. 336, 239 P. 2d 828).

The appeal is dismissed.