No. 39,920

VIRGIL QUICK, Receiver, *Appellee*, v. DON G. PURCELL, *Appellant*.

(295 P. 2d 626)

Opinion filed April 7, 1956.

*Jean Oliver Moore*, of Wichita, argued the cause, and *Clark V. Owens* and *Wendell E. Godwin*, both of Wichita, were with him on the briefs for the appellant.

*Harry Gillig* and *Roy H. Wasson*, both of Wichita, argued the cause, and *Henry D. Edwards*, of Wichita, was with them on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: This is an action by a receiver seeking recovery on two statutory appeal bonds executed by the appellant, as surety, pursuant to G. S. 1949, 60-1209, for loss sustained to the receivership estate during the pendency of an appeal to this court from an order appointing the receiver, which was later dismissed.

At the outset, our jurisdiction to hear this appeal is challenged.

Appellee filed a motion to dismiss this appeal by reason of appellant's failure to set forth in his abstract any specifications of error whatsoever. The contention cannot be ignored. Rule No. 5 of this court (see 174 Kan. XI; G. S. 1949, 60-3826, "Rules of the supreme court" No. 5) long in force and effect, among other things, provides:

". . . The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered. . . ."

The rule has been printed repeatedly in various volumes of the Kansas reports. Its purpose is designed to promote definiteness, fairness and orderly procedure of litigation on appellate review. It was intended to be of benefit to both the Bench and Bar alike. Specifically, its purpose is to advise both appellee and this court concerning error, or errors, which the appellant claims the trial court committed in rendering its judgment.

Manifestly, this court cannot review error which is claimed was committed, if none is specified. Error is never presumed (*Quivira, Inc. v. Quivira Co., Inc.*, 173 Kan. 339, 245 P. 2d 972; *Elliott v. P. H. Albright Farm Loan Co.*, 129 Kan. 280, 282 Pac. 749), and it is the duty of the party complaining to indicate wherein it was committed. (*Fakes v. Osborne*, 165 Kan. 176, 193 P. 2d 218.) All that the abstract of the instant appeal contains is a motion for a new trial and a notice that appellant appeals from the judgment rendered against him. A motion for a new trial or a notice of appeal does not constitute a specification of error within the meaning and purport of Rule No. 5. (*Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377.)

Here, there was utter failure by appellant to set forth in his abstract a specification of the errors complained of. When a party's right to be heard on appeal is challenged on the grounds of noncompliance with Rule No. 5 of this court, and it appears from the record he has made no attempt to comply with it, his appeal will be dismissed. (See *Lambeth v. Bogart*, supra; *Biby v. City of Wichita*, 151 Kan. 981, 101 P. 2d 919; *Hall v. Eells*, 157 Kan. 551, 142 P. 2d 703; *Carrington v. British American Oil Producing Co.*, 157 Kan. 101, 138 P. 2d 463; *Topping v. Tuckel*, 159 Kan. 387, 155 P. 2d 427; and, *Gilley v. Gilley*, 176 Kan. 61, 268 P. 2d 938.)

It is ordered that this appeal be dismissed.