No. 40,072

Frank L. Rice and Nettie E. Rice, his wife, *Appellees,* v. William H. Hovey, et al., *Appellants.*

(299 P. 2d 45)

Opinion filed June 30, 1956.

*William L. Lemesany,* of Lawrence, was on the briefs for intervenors Mrs. L. H. Menger, Mrs. W. O. Nelson and Mrs. V. P. Wilson.

*Forrest A. Jackson,* of Lawrence, was on the briefs for appellees Frank L. Rice and Nettie E. Rice. *Charles D. Stough,* of Lawrence, was on the briefs for appellee Lawrence Woman's Club.

The opinion of the court was delivered by

Fatzer, J.: This was an action to quiet title to real estate previously conveyed to plaintiffs by the Lawrence Woman's Club, Lawrence, Kansas. The trial court permitted certain of the group's members to intervene, who filed an answer. The trial court quieted title in plaintiffs, and the intervenors have appealed.

The abstract of appellants does not contain an abstract of the pleadings, nor even a résumé of them; neither is the evidence abstracted, nor is reference made to the pages of the stenographer's transcript, nor is there any specification of errors complained of as required by Rule No. 5 of this court. At most, appellants have a nine-page statement of facts and nothing more.

Under *Dupont v. Lotus Oil Co.,* 168 Kan. 544, 213 P. 2d 975; *Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213; *Gilley v. Gilley,* 176 Kan. 61, 268 P. 2d 938; and, *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626 and cases cited, where appellant makes no attempt to comply with Rule No. 5, his appeal is subject to dismissal.

Error is never presumed and it is the duty of the party complaining to indicate wherein it was committed. This court cannot review error, which is claimed was committed, if none is specified (*Quick, Receiver v. Purcell,* supra).

In *Miller v. Rath,* supra, it was held:

"Appellant's failure to comply with Rule 5 of the Supreme Court Rules (169 Kan. XI; G. S. 1949, 60-3826), by including in his abstract of record such portions thereof as it is necessary to read in order to arrive at a full understanding of the questions presented for review and his failure to include a specification of errors complained of separately set forth and numbered, is fatal, and the appeal will be dismissed." (Syl. 1.)

The appeal must be and it is dismissed.