No. 40,242

Melzer McIntyre, *Appellant,* v. Robert S. Dickinson, Allie M. Dickinson, and The Hiawatha Savings and Loan Association, a Corporation, *Appellees.*

(307 P. 2d 1068)

Opinion filed March 9, 1957.

*Robert A. Reeder,* of Troy, argued the cause, and *George T. Van Bebber,* of Troy, was with him on the briefs for the appellant.

*Rodman L. Henry,* of Hiawatha, argued the cause and *L. E. Helvern,* of Hiawatha, was with him on the briefs for the appellees.

The opinion of the court was delivered by

Hall, J.: This was an action to set aside a deed as fraudulent and void. From a judgment for defendant, the plaintiff has appealed, alleging six specification of errors.

On June 9, 1954, a pick-up truck owned by defendant and appellee, Robert Dickinson, driven by his son Oscar Dickinson, then 15 years old, struck and destroyed a tractor injuring the driver Melzer McIntyre, plaintiff and appellant herein.

On September 16, 1954, McIntyre filed suit in the district court of Brown County against Robert and Oscar Dickinson. Service was had by publication upon the defendant Robert Dickinson and personally upon the defendant Robert Dickinson, as father and legal guardian of Oscar Dickinson, a minor. After motion to quash service by publication, Robert Dickinson answered and appeared personally in defense.

On February 8, 1955, McIntyre recovered judgment against Robert and Oscar Dickinson, jointly and severally, in the amount of $2,549.50. Execution issued on this judgment disclosed no property from which the judgment could be satisfied and the judgment remains uncollected.

On January 24, 1946, Robert Dickinson, and Allie Dickinson, his wife, "as joint tenants, with the right of survivorship, and not as tenants in common," acquired real estate in Hiawatha, Brown County, Kansas. The Hiawatha Savings and Loan Association, a defendant but not an appellee herein, later acquired a mortgage on the property and in all these proceedings admittedly has a prior lien.

On November 8, 1954, and while plaintiff's action was pending against defendant Robert Dickinson, defendant Robert Dickinson executed a quit claim deed to his wife Allie Dickinson in conveyance of the real property in Hiawatha.

Sometime during the fall of 1954, the Dickinson family left Hiawatha for Ohio.

On March 2, 1955, McIntyre filed this action seeking to have the quit claim deed of November 8, 1954, set aside and claimed Robert Dickinson's equity in the Hiawatha real estate to satisfy his judgment.

McIntyre alleged Dickinson's conveyance to his wife was made with intent to hinder, delay, or defraud McIntyre.

Robert and Allie Dickinson alleged they were residents of Hiawatha, Brown County, Kansas, at all times and that their absence in Ohio was temporary. They further alleged that Robert Dickinson had no interest, title, or ownership in the property in question and that the same had been purchased by Allie Dickinson with her own funds and that said property was held as an estate by the entirety and as a homestead.

The matter was tried by the court and the court held for the defendants on all issues.

Plaintiff moved for a new trial and the motion was overruled. Notice of appeal was then taken and because of its importance to the decision of this case is set out in full.

"Notice of Appeal to the Supreme Court

"Take notice that the undersigned Melzer McIntyre, plaintiff, does and has appealed from the judgment, order and decision rendered and made in the above entitled action on the 17th day of November, 1955, whereby it was by said court decided, ordered and adjudged that judgment be rendered for defendants Robert Dickinson and Allie M. Dickinson and that the defendants Robert Dickinson and Allie M. Dickinson were tenants by the entirety in the property which was the subject matter of the action and that said property was the homestead of the defendants Robert Dickinson and Allie M. Dickinson and that the conveyance of November 8, 1954, by the defendant Robert Dickinson to his wife, the defendant Allie M. Dickinson, was not a fraudulent conveyance and that defendants Robert Dickinson and Allie M. Dickinson were residents of the State of Kansas.

"Take further notice that the undersigned Melzer McIntyre, plaintiff, also does and has appealed hereby from the order of the court rendered and made in the above entitled action on the 17th day of January, 1956, whereby the said court did overrule and deny plaintiff's motion for a new trial.

"Dated this 17th day of January, 1956."

Following the rules of this court (No. 5. Abstracts), plaintiff and appellant filed abstract and brief with required specifications of error complained of, separately set forth and numbered.

Because of their importance to the decision of this case, the specifications of error are set out in full.

"Specifications of Error

"1. The Court erred in finding that plaintiff failed to offer any evidence that there was any fraud practiced by either grantor Robert Dickinson or grantee Allie M. Dickinson in the execution, delivery, and recording of the deed dated November 8, 1954, conveying the real estate.

"2. The Court erred in refusing to set aside the quit claim deed of November 8, 1954, from Robert Dickinson to Allie M. Dickinson on the ground of fraud.

"3. The Court erred in finding that defendant Robert Dickinson did not acquire any interest in the title or ownership of the real estate.

"4. The Court erred in finding that the real estate was then and had been the homestead of defendants Robert Dickinson and Allie M. Dickinson, husband and wife, from the date of acquisition and that they had never abandoned it as such.

"5. The Court erred in finding that the real estate was held by Robert Dickinson and Allie M. Dickinson as tenants by the entireties.

"6. The Court erred in its judgment and order for defendants and against plaintiff."

Plaintiff and appellant asks review of his specification of errors. Defendants and appellees object on the ground that although an appeal was taken from the action of the trial court in overruling the motion for new trial the ruling on the motion is not specified as error; consequently, trial errors are not subject to appellate review and plaintiff's specifications present nothing for this court to review.

Defendants correctly state the rule—harsh as it may be—and the court is firmly committed to it.

See a long line of cases dealing with the point. *Roper v. Ferris,* 48 Kan. 583, 29 Pac. 1146; *Gas Co. v. Dooley,* 73 Kan. 758, 84 Pac. 719; *Brewer v. Harris,* 147 Kan. 197, 75 P. 2d 287; and *Heniff v. Clausen,* 154 Kan. 717, 121 P. 2d 196.

A more recent case (*McCarty v. Kansas-Nebraska Natural Gas Co.,* 176 Kan. 386, 271 P. 2d 264) reviews most of the more recent cases on this point in the following language:

"Defendant filed a motion for a new trial which was considered by the court and overruled and judgment was rendered for plaintiff upon the general verdict of the jury. In due time defendant filed its notice of appeal. This appeal was only from the judgment rendered by the court upon the general verdict. There was no appeal taken from the order of the court overruling the motion for a new trial, or from any other ruling of the court adverse to the defendant.

"This is an appellate court. In cases tried in the district court there may be many questions passed upon which the party appealing does not, for some reason, care to ask this court to review. The appeal is necessarily limited to the questions from which an appeal is taken. The result is that the appeal brought to us is on the judgment of the court. Examining the judgment in this case we find nothing wrong with it unless it is some of the trial errors set out by the defendant in its motion for a new trial. Since no appeal has been taken from that order we are unable to review it. Our cases on that point are numerous."

The same rule is followed where no motion for new trial is filed, or if filed, is not appealed. One of the latest cases on this point is *Rasmussen v. Tretbar,* 170 Kan. 184, 224 P. 2d 1010. See, also, *Baker v. Maguire's Inc.,* 176 Kan. 579, 272 P. 2d 739.

The later cases have made it very clear that the ruling of the trial court on the motion for new trial must be included both in the notice of appeal and the specification of errors. See *State, ex rel., v. Miller,* 177 Kan. 324, Syl. 1, 279 P. 2d 223; and, also, *Drennan v. Chalfant,* 177 Kan. 633, 282 P. 2d 442, where it was stated:

"Appellee challenges the right of the appellant to be heard on his speci-

fications 3, 4 and 6 for the reason each refers to a trial error, and although there was a motion for a new trial which was denied and appeal was taken from the ruling, *the ruling on the motion was not specified as error* and appellant is not entitled to a review. The challenge is good and is sustained. See *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531; *Mathis v. Public School District No. 103*, 175 Kan. 453, 264 P. 2d 1082; *Weede v. Bannon*, 175 Kan. 569, 265 P. 2d 1025; *Murphy v. Cole*, 175 Kan. 822, 267 P. 2d 959, and cases cited therein." (Emphasis ours.)

The record on this appeal is clearly not within the rule. Although appeal is taken in the notice from the action of the trial court in overruling the motion for new trial, it is not specified as error.

Appellant contends that the rule only limits the court's scope of review and that other properly specified errors may be considered. His contention is based upon this clarification of the rule in *State, ex rel., v. Miller*, supra, where the court said:

". . . We have repeatedly held that errors relating to matters occuring at the trial, and for which a new trial was asked, cannot be considered on appeal unless the action of the trial court in overruling the motion is specified as error. See *McCarty v. Kansas-Nebraska National Gas Co.*, 176 Kan. 386, 389, 271 P. 2d 264, and numerous cases cited. Conceding for present purposes that the first specification refers to a matter that should have been presented by a motion for a new trial and that the ruling on the motion should have been specified as error, observance of the rule does not call for a dismissal of the appeal but only limits its scope. The remaining specifications of error pertain solely to questions of law, and a motion for a new trial was neither necessary nor proper as to them. An analogous situation was presented in *Marion County Comm'rs v. Clark*, 157 Kan. 132, 138 P. 2d 449, where it was said:

" 'Appellant is not compelled to specify error on every ruling, decision and judgment included in its notice of appeal. If it is now willing to stand on the findings of fact made by the trial court, the subsequent rulings become immaterial. In such situation we are not concerned with whether the evidence supported the findings of fact or warranted other findings, or with rulings on evidence, and such other matters as would ordinarily have to be presented in a motion for a new trial. The sole question must be and is whether the findings of fact support the judgment rendered.' (l. c. 134)

"See also, *W. K. H. Trust Co. v. Building Co.*, 160 Kan. 605, Syl 3, 164 P. 2d 143."

This brings us to a consideration of the specification of errors Nos. 1 to 5, and whether or not the findings of fact support the judgments complained of.

The court found: (1) That the plaintiff failed to offer any evidence of fraud. (2) That the property was purchased by the de-

fendant Allie Dickinson from her own funds and resources and that defendant Robert Dickinson acquired no interest in the title or ownership of the property. (3) That the property was the homestead of the defendants and had not been abandoned as such. These findings clearly support the judgments specified as error.

The court also found as a matter of law the property was held by the entirety. This conclusion is open to question but since the court found and concluded that the property was a homestead, a review of the findings would accomplish nothing and a failure to do so is not prejudicial to this appeal.

The sixth specification of error presents nothing for appellate review. See *Gale v. Fruehauf Trailer Co.*, 158 Kan. 30, 145 P. 2d 125. In that case the court said:

"Plaintiff's motion for a new trial was overruled and he appeals. His only specification of error reads:

" 'The court erred in rendering judgment in favor of the defendants and against the plaintiff.'

"At the outset we have to note once more that such a specification of error does not properly present any question for appellate review (G. S. 1935, 60-3826, Rule 5; *Brown v. Rhodes,* 1 Kan. 359; *Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372; *Biby v. City of Wichita,* 151 Kan. 981, 982, 983, 101 P. 2d 919; 2 West's Kan. Dig. 347; Hatcher's Kan. Dig. 99, 100)."

And in the case of *In re Estate of Young,* 169 Kan. 20, Syl. 2, 217 P. 2d 269, the court said:

"An assignment of error stating that the court erred in rendering judgment in favor of petitioners and, against respondents amounts to a statement that the judgment is wrong and presents no specific questions for review (following *Hamilton v. Binger,* 162 Kan. 415, 176 P. 2d 553)."

In more recent cases, the court has strictly adhered to the rule.

Appellant also contends that his failure to specify as error the overruling of the motion for new trial comes within the language of *Byer v. Rural High School Dist. No. 4,* 169 Kan. 351, 219 P. 2d 382, where the court allowed the abstract to be amended by filing specification of errors out of time. He also cites *North American Finance Corporation v. Circle-B, Inc.,* 180 Kan. 34, 299 P. 2d 576. While there is language in the latter case recognizing the discretion of the court under Rule No. 5, the court states:

"This court is firmly committed to the rule that when a party's right to be heard on appeal is challenged on the grounds of noncompliance with Rule No. 5 of this court, and it appears from the record he has made no attempt to comply with it, his appeal will be dismissed (*Biby v. City of Wichita,* supra; *Lambeth v. Bogart,* supra; *Hall v. Eells,* supra; *Carrington v.*

*British American Oil Producing Co.,* 157 Kan. 101, 138 P. 2d 463; *Topping v. Tuckel,* supra; *Dupont v. Lotus Oil Co.,* supra; *Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213; *Gilley v. Gilley,* 176 Kan. 61. 268 P. 2d 938; *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626)."

The judgment of the trial court is affirmed.