No. 41,627

Robert Clyde Messmore, *Appellant,* v. Tracy A. Hand, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee.*

(347 P. 2d 402)

Opinion filed December 12, 1959.

*Homer Davis,* of Leavenworth, was on the briefs for the appellant.

*J. Richard Foth,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Fatzer, J.: In this habeas corpus proceeding the petitioner, Robert Clyde Messmore, seeks his release from confinement in the Kansas State Penitentiary. The district court denied the writ and petitioner has appealed.

A review of the record reveals that the petitioner has made no attempt to comply with Rule No. 5 of this court and we have repeatedly held in a long line of decisions that failure to comply

therewith, by setting forth in the appellant's abstract the specification of errors complained of, is fatal and precludes appellate review. (*Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, and cases therein cited; *City of Independence v. Wendorff*, 169 Kan. 14, 216 P. 2d 820; *Miller v. Rath*, 173 Kan. 192, 244 P. 2d 1213.) In *Quick, Receiver, v. Purcell*, 179 Kan. 319, 295 P. 2d 626, it was said:

". . . Rule No. 5 of this court (see 174 Kan. XI; G. S. 1949, 60-3826, 'Rules of the supreme court' No. 5) long in force and effect, among other things, provides:

"'. . . The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered. . . .'

"The rule has been printed repeatedly in various volumes of the Kansas reports. Its purpose is designed to promote definiteness, fairness and orderly procedure of litigation on appellate review. It was intended to be of benefit to both the Bench and Bar alike. Specifically, its purpose is to advise both appellee and this court concerning error, or errors, which the appellant claims the trial court committed in rendering its judgment.

"Manifestly, this court cannot review error which is claimed was committed, if none is specified. Error is never presumed (*Quivira, Inc. v. Quivira Co., Inc.*, 173 Kan. 339, 245 P. 2d 972; *Elliott v. P. H. Albright Farm Loan Co.*, 129 Kan. 280, 282 Pac. 749), and it is the duty of the party complaining to indicate wherein it was committed. (*Fakes v. Osborne*, 165 Kan. 176, 193 P. 2d 218.) All that the abstract of the instant appeal contains is a motion for a new trial and a notice that appellant appeals from the judgment rendered against him. A motion for a new trial or a notice of appeal does not constitute a specification of error within the meaning and purport of Rule No. 5. (*Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377.)" (l. c. p. 320.)

See, also, *North American Finance Corporation v. Circle-B, Inc.*, 180 Kan. 34, 299 P. 2d 576; *Rice v. Hovey*, 180 Kan. 38, 299 P. 2d 45.

In the instant case the abstract contains neither a motion for a new trial, nor the notice of appeal and specification of errors are not set forth. In view of the foregoing, it is the judgment of this court that this appeal must be and it is hereby dismissed.

It is so ordered.