No. 41,888

Ben H. Blevins, Jr., *Appellant,* v. Wm. A. Daugherty and Mary Louise Daugherty; Valley Federal Savings and Loan Association of Hutchinson, Kansas; and Richard Harmon and Harold Harmon, d/b/a Harmon Furniture Company, *Appellees.*

(356 P. 2d 852)

Opinion filed November 12, 1960.

*Ralph J. Thorne,* of Hutchinson, argued the cause, and *Charles E. Rauh* and *John A. Robinson,* both of Hutchinson, were with him on the briefs for the appellant.

No appearance by appellees.

The opinion of the court was delivered by

Parker, C. J.: This was an action to foreclose a mechanic's lien for labor performed on real estate owned by the defendants, Wm. A. and Mary Louise Daugherty. The plaintiff appeals from an order sustaining a demurrer to his evidence.

In approaching disposition of the appeal, even though counsel for appellees have not seen fit to file a brief or otherwise appear in this court in defense of the trial court's ruling, we are constrained to

direct attention to certain matters in the record which preclude appellate consideration of such ruling.

From a review of the record it appears that appellant has abstracted his petition and amended reply but failed to abstract the appellees' respective answers or any of the defenses therein set forth; and that, although it is made a part of his petition, he has failed to summarize or otherwise set out in the abstract the mechanic's lien statement on which he relies as a basis for recovery. With the record in that state we do not believe appellant has included enough in his abstract to enable this court to arrive at a full and satisfactory understanding of the real issues or questions involved in a determination of the propriety of the trial court's ruling. In addition further review of the record reveals appellant has wholly failed to comply with Rule No. 5 (G. S. 1949, 60-3826) of this court requiring that the abstract of the appellant shall include a specification of the errors complained of, separately set forth and numbered.

Resort to applicable decisions of this court reveal that there can no longer be any question respecting the disposition of an appeal when, under conditions and circumstances such as have been heretofore related, appellant fails to include in his abstract a specification of the errors complained of, separately set forth and numbered, as required by the rule to which we have heretofore referred.

A comparatively recent pronouncement on the subject, under somewhat similar facts and circumstances, is to be found in *Rice v. Hovey,* 180 Kan. 38, 299 P. 2d 45, where it is held:

"Rule No. 5 of the Supreme Court requires that the abstract of the appellant shall include a specification of the errors complained of, separately set forth and numbered.

"Appellants' failure to comply with Rule No. 5 of the Supreme Court Rules (174 Kan. XI; G. S. 1949, 60-3826) by including in their abstract of record an abstract of the pleadings and of the evidence to enable this court to arrive at a full understanding of the questions involved and their failure to include a specification of errors complained of separately set forth and numbered, is fatal, and following *Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213, and *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626, the appeal is dismissed." (Syl. ¶¶ 1, 2.)

For a decision disclosing the above rule has application in criminal cases see *State v. Bednark* [this day decided], 187 Kan. 236, 356 P. 2d 848.

Indeed the now definitely established rule of this jurisdiction is that where an appellant has made no attempt to conform to the

requirements of Rule No. 5 of this court (see 183 Kan. XI; G. S. 1949, 60-3826) appellate review is precluded and his appeal will be dismissed.

We are neither inclined nor disposed to again labor the reasons responsible for the enunciation and application of the rule just mentioned. It suffices to say they have been considered and discussed, and the rule applied, under divers conditions and circumstances, in many decisions, both civil and criminal, to which we adhere. For more recent cases see, *e. g.*, (civil cases) *In re Estate of Rosey* [this day decided], 187 Kan. 254, 356 P. 2d 849; *Hughes v. Hanlen*, 186 Kan. 30, 348 P. 2d 634; *Messmore v. Hand*, 185 Kan. 774, 347 P. 2d 402; *Green v. State Highway Commission*, 184 Kan. 525, 337 P. 2d 657, Rehearing, 185 Kan. 36, 340 P. 2d 927; *Ford v. Morrison*, 182 Kan. 787, 324 P. 2d 140; *Jeffers v. Jeffers*, 181 Kan. 515, 517, 313 P. 2d 233; *McIntyre v. Dickinson*, 180 Kan. 710, 307 P. 2d 1068; *North American Finance Corporation v. Circle-B, Inc.*, 180 Kan. 34, 299 P. 2d 576; *Rice v. Hovey*, supra; *Quick, Receiver v. Purcell*, 179 Kan. 319, 295 P. 2d 626; *Gilley v. Gilley*, 176 Kan. 61, 268 P. 2d 938; *Miller v. Rath*, 173 Kan. 192, 244 P. 2d 1213; *City of Independence v. Wendorff*, 169 Kan. 14, 16, 216 P. 2d 820; *Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975; *Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377; (criminal cases) *State v. Bednark* [this day decided], 187 Kan. 236, 356 P. 2d 848; *State v. Lewis* [this day decided], 187 Kan. 221, 356 P. 2d 845; *State v. Jones* [this day decided], 187 Kan. 318, 356 P. 2d 843; *State v. Trinkle*, 187 Kan. 809, 352 P. 2d 937; *State v. Morrow*, 186 Kan. 342, 349 P. 2d 945; *State v. Combs*, 186 Kan. 247, 350 P. 2d 129; *State v. Hamilton*, 185 Kan. 101, 340 P. 2d 390, 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265; *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739.

For earlier decisions dealing with the same subject see Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 175 to 182 incl.; West's Kansas Digest, Appeal & Error, §§ 719 to 722, incl.; Hatcher's Kansas Digest [Rev. Ed.], Criminal Law, § 418; West's Kansas Digest, Criminal Law, §§ 1129(1), 1134(8).

Under the related facts and circumstances adherence to Rule No. 5 and decisions heretofore cited requires that the instant appeal be dismissed.

It is so ordered.