No. 42,371

The State of Kansas, *Appellee*, v. Harold Glen Armstrong, Jr., *Appellant.*

(363 P. 2d 520)

Opinion filed July 8, 1961.

*Richard L. Becker,* of Coffeyville, was on the briefs for the appellant.

*Glen Tongier,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *B. D. Watson,* Assistant County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: Defendant Harold Glen Armstrong, Jr., was charged with the crime of manslaughter in the first degree (G. S. 1949, 21-407) and appeals to this court from a conviction of the crime of manslaughter in the fourth degree (G. S. 1949, 21-420).

Highly summarized, and without extended detail, the salient facts on which the defendant was convicted, as gleaned from the evidence of record adduced at the trial, may be stated thus:

On Saturday, June 20, 1960, the defendant, while driving his automobile, was involved in a fatal accident at the uncontrolled intersection of West Third Street and Willow Street in the City of Coffeyville, Kansas. The accident, to which there were no witnesses, occurred at approximately 1:30 p. m. on such day. Just prior to its occurrence, Mrs. Mary Louise Douglas was driving her automobile on the west side of Willow Street at a speed not exceeding fifteen miles per hour with one passenger, her daughter Debra, who was nineteen months old. The defendant was driving east on West Third Street, alone, at a speed which, according to his own admission, was between twenty-five and thirty .miles an hour. Mrs. Douglas entered the intersection first and a portion of her automobile was south of the intersection when the rear portion

thereof was hit by the defendant's automobile, who had entered the intersection from the west, the point of impact being, according to investigating officers, seven feet and nine inches north of the south edge of the intersection and thirty feet and four inches south of the north edge of the intersection. The force of the impact turned the Douglas automobile in a half circle and it started to roll over. As it did so the child was thrown out of the open window on the driver's side, between her mother and the steering wheel. Immediately thereafter such automobile landed on its left side on top of the child, inflicting injuries which caused her death. The location of the Douglas automobile after the accident was thirty feet south of the intersection, headed in a northwesterly direction. The location of the defendant's automobile, a 1948 Chevrolet, was forty-six feet east of the point of impact. Neither automobile left skid marks prior to the impact. After the collision the only skid marks visible to investigating officers were those made by the Douglas automobile.

Other evidence adduced by the state during the trial of the case was to the effect that the hydraulic brakes of the defendant's automobile were checked and it was found that the brake peddle would depress to the floor board; that the master brake cylinder was empty of fluid and this was not the result of the accident, as no damage had been done to either the cylinder or brake linings; that the automobile could not have stopped with these brakes, as they would not have any stopping power upon such vehicle; that in admissions to investigating officers defendant stated that he was on his way to the service station to have his brakes fixed; that he had had difficulty stopping at several stop signs prior to reaching the intersection of Third Street and Willow Street; and that he had experienced trouble with his brakes sometime prior to the accident.

Evidence adduced by defendant, who did not testify as a witness in his own behalf, came from several witnesses who had driven or ridden in defendant's automobile within two weeks prior to the collision. Each testified that the brakes were working satisfactorily when they were in, or driving, the automobile. An expert witness also testified that hydraulic brakes could go out suddenly and without warning and that it is possible to stop at one corner and have normal brakes and the next time have the brakes go out completely, within a block or half a block.

Following the close of all the evidence and arguments by counsel for the respective parties the jury, which had been empaneled and

sworn to try the cause, was given written instructions and then directed to retire to the jury room for consideration of its verdict. On the same day it returned with its verdict finding defendant guilty of manslaughter in the fourth degree (G. S. 1949, 21-420). This verdict was accepted by the trial court and the jury was discharged. After the overruling of his motion for a new trial, and his subsequent sentence as prescribed by law, defendant perfected the instant appeal in which, in utter disregard of the requirements of Rule No. 5 (See 186 Kan. XI; G. S. 1949, 60-3826 "Rules of the Supreme Court No. 5"), with an abstract of record containing no specifications of error whatsoever, he now seeks to have this court review divers questions raised by him as affording grounds for reversal of the trial court's judgment and sentence.

So far as here pertinent the provisions of Rule No. 5, *supra*, which under our decisions are applicable to both criminal and civil cases, read "The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered."

The fact, as heretofore pointed out, that appellant has wholly failed to comply with the requirements of Rule 5, requires the court to direct attention to what is now its definitely established rule when faced with such a situation on appeal. Simply stated that rule is that where—as here—an appellant has failed to comply with the quoted requirements of Rule 5, by failing to set forth in his abstract a specification of errors complained of, he precludes himself from appellate review and his appeal will be dismissed.

It is neither necessary nor required to again labor the reasons responsible for this court's enunciation and application of the rule just mentioned. It suffices to say the reasons have been considered and discussed, and the rule applied, under divers conditions and circumstances, in many decisions, both criminal and civil, to which we adhere. For more recent cases, where the rule has been stated and applied, see e. g., (criminal cases) State v. Bednark, 187 Kan. 236, 356 P. 2d 848; State v. Lewis, 187 Kan. 221, 356 P. 2d 845; State v. Jones, 187 Kan. 318, 356 P. 2d 843; State v. Trinkle, 186 Kan. 809, 352 P. 2d 937; State v. Morrow, 186 Kan. 342, 349 P. 2d 945; State v. Combs, 186 Kan. 247, 350 P. 2d 129; State v. Hamilton, 185 Kan. 101, 340 P. 2d 390, 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265; State v. Turner, 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739; State v. Owen, 161 Kan. 361, 168 P. 2d 917; (civil cases) Blevins v. Daugherty, 187 Kan. 257, 356 P. 2d 852; In

re Estate of Rosey, 187 Kan. 254, 356 P. 2d 849; Hughes v. Hanlen, 186 Kan. 30, 348 P. 2d 634; Messmore v. Hand, 185 Kan. 774, 347 P. 2d 402; Green v. State Highway Commission, 184 Kan. 525, 337 P. 2d 657, Rehearing 185 Kan. 36, 340 P. 2d 927; Ford v. Morrison, 182 Kan. 787, 324 P. 2d 140; Jeffers v. Jeffers, 181 Kan. 515, 517, 313 P. 2d 233; McIntyre v. Dickinson, 180 Kan. 710, 307 P. 2d 1068; North American Finance Corporation v. Circle-B, Inc., 180 Kan. 34, 299 P. 2d 576; Rice v. Hovey, 180 Kan. 38, 299 P. 2d 45; Quick, Receiver v. Purcell, 179 Kan. 319, 295 P. 2d 626; State, ex rel., v. Miller, 177 Kan. 324, 329, 330, 279 P. 2d 223; Gilley v. Gilley, 176 Kan. 61, 268 P. 2d 938; Miller v. Rath, 173 Kan. 192, 244 P. 2d 1213; City of Independence v. Wendorff, 169 Kan. 14, 16, 216 P. 2d 820; Dupont v. Lotus Oil Co., 168 Kan. 544, 213 P. 2d 975; Lambeth v. Bogart, 155 Kan. 413, 125 P. 2d 377.

For earlier decisions dealing with the same subject see Hatcher's Kansas Digest, [Rev. Ed.], Appeal & Error, §§ 175 to 182, incl.; West's Kansas Digest, Appeal & Error, §§ 719 to 722, incl.; Hatcher's Kansas Digest [Rev. Ed.], Criminal Law, § 418; West's Kansas Digest, Criminal Law, §§ 1129(1), 1134(8).

"It is quite true that under G. S. 1949, 62-1701, an appeal to this court may be taken by a defendant as a matter of right from any judgment against him. The statute, however, does not mean that a defendant is entitled to a review of every matter involved in his trial and sentence without compliance with well-established rules of procedure relating to appellate review. In other words, while in this case defendant did appeal from the order overruling his motion for a new trial, his failure to specify that order as error precludes a review of alleged irregularities and errors occurring during the trial." (State v. Hamilton, p. 103, supra.) And so here, although appellant did appeal from several rulings made by the trial court his failure to specify such rulings as error in his abstract is fatal and precludes their appellate review.

Under the related facts and circumstances adherence to Rule No. 5, and the decisions heretofore cited, requires that the instant appeal be dismissed.

It is so ordered.