No. 42,488

DEAN W. LEMON and BERNICE E. LEMON, *Appellants*, v. FRED C. PAULS, *Appellee*.

(369 P. 2d 355)

Opinion filed March 3, 1962.

*Lyndus A. Henry, David R. Gilman, Gwendolyn V. Falkenberg,* and *Lyle M. Hanson,* all of Overland Park, were on the briefs for the appellants.

*Keith Martin,* of Mission, and *Harold Hammond,* of Olathe, were on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: Plaintiffs, in their individual capacities as private citizens, commenced this action in the district court of Johnson County by filing a petition in which they sought and demanded a mandatory injunction, under the provisions of G. S. 1949, 82a-301 to 305, incl., directing the defendant, as an alleged upper riparian landholder, to obtain a permit from the Chief Engineer of the Division of Water Resources for alterations made by such landholder on an alleged common stream without having received such a permit. Defendant demurred to the petition for the reason it failed to state facts sufficient to constitute a cause of action and the trial court sustained the demurrer upon that basis. Thereupon

plaintiffs perfected the instant appeal in which, in utter disregard of the requirements of Rule No. 5 (see 183 Kan. xi; G. S. 1949, 60-3826 "Rules of the Supreme Court No. 5"), with an abstract of record containing no specifications of error whatsoever, they now seek to have this court review divers questions raised by them as affording grounds for reversal of the trial court's order and judgment.

The fact, as pointed out, that appellants have wholly failed to comply with the requirements of Rule No. 5 which, so far as here pertinent, provides "The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered.", requires the court to direct attention to what is now its definitely established rule when faced with such a situation on appeal. Simply stated the rule is that where—as here—appellants have failed to comply with the quoted requirements of Rule No. 5, by failing to set forth in their abstract any specification of error and/or errors complained of, they preclude themselves from appellate review and their appeal will be dismissed.

It is not necessary that we again labor the reasons responsible for this court's enunciation and application of the foregoing rule. Nor is it required that we burden our reports with a recitation of our many decisions where those matters have been considered, discussed and determined. Suffice it to say the reasons have been considered and discussed, and the rule applied, in many decisions, both civil and criminal, to which we adhere. For one of our more recent decisions in which the rule is again considered, discussed, applied, and followed, and many of our decisions supporting it are cited, see *Blevins v. Daugherty,* 187 Kan. 257, 259, 356 P. 2d 852, where it is held:

"Rule No. 5 of this court (see 183 Kan. xi; G. S. 1949, 60-3826, 'Rules of the Supreme Court' No. 5) provides that the party seeking appellate review of a trial court's order or judgment shall include in his abstract a specification of the errors of which he complains, separately set forth and numbered.

"Where an appellant has made no attempt to conform with the requirements of the rule mentioned in the preceding paragraph of this syllabus and has failed to specify as error the sustaining of a demurrer to his evidence appellate review of that ruling is precluded and his appeal will be dismissed." (Syl. ¶¶ 1 & 2.)

Under the related facts and circumstances adherence to Rule No. 5, *Blevins v. Daugherty,* supra, and the numerous decisions therein cited which we include in this opinion by reference, requires that the instant appeal be dismissed.

It is so ordered.