No. 43,103

Delphos B. Burns, *Appellant*, v. Tracy A. Hand, Warden, Kansas State Penitentiary, *Appellee*.

(375 P. 2d 637)

Opinion filed November 3, 1962.

Appellant was on the brief *pro se*.

*Park McGee*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an appeal from an order of the district court of Leavenworth county denying an application for a writ of habeas corpus.

In October, 1956, the appellant here, Delphos B. Burns, was placed on trial in the district court of Hamilton county on the charge of murder in the first degree. He was represented by counsel throughout the trial and was convicted of manslaughter in the first degree. Pursuant thereto he was sentenced to confinement in the state penitentiary for a term not less than five years nor more than twenty-one years (G. S. 1949, 21-421).

While so confined Burns filed in the district court of Leavenworth county an application for a writ of habeas corpus, setting forth a number of alleged errors in his trial in Hamilton county. The matter was heard by the district court of Leavenworth county on February 20, 1962, at which time Burns was present in person and introduced evidence. In denying the application for a writ the court found that Burns was being held in custody of respondent warden pursuant to a valid sentence imposed by the district court of Hamilton county; that he had not been deprived of any rights guaranteed to him by either the state or federal constitution, and that the evidence failed to show that he was being unjustly and unlawfully deprived of his liberty.

This appeal followed.

At the outset we are confronted with the fact the "abstract" filed by appellant fails to include a specification of errors in compliance with rule number 5 of this court (see 188 Kan. xxvii).

The principle is thoroughly settled that where an appellant has made no effort to comply with rule number 5 appellate review is precluded and the appeal will be dismissed. For recent decisions dealing with the question see *Blevins v. Daugherty*, 187 Kan. 257, 356 P. 2d 852; *State v. Armstrong*, 188 Kan. 567, 363 P. 2d 520, and *Lemon v. Pauls*, 189 Kan. 314, 369 P. 2d 355.

There being nothing before us for review, the appeal is dismissed.