No. 42,899

STATE OF KANSAS, ex rel. WANDA CONNOR, Relatrix, *Appellant,* v. ROY IRWIN, *Appellee.*

(379 P. 2d 309)

Opinion filed March 2, 1963.

*Robert J. Foster,* County Attorney, argued the cause, and *J. W. Mahoney,* Special Prosecutor, of Kansas City, was with him on the briefs for the appellant.

 

*Robert H. Bingham,* of Kansas City, argued the cause, and *J. E. Schroeder; Leonard O. Thomas* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is a bastardy proceeding instituted under the provisions of G. S. 1949, Chap. 62, Art. 23, which provides, among other things, that the rules of evidence and the competency of witnesses shall be the same as in civil cases and that the trial and proceedings of the prosecution in district court shall in all respects, not therein otherwise provided for, be governed by the law regulating civil actions.

We are not disposed to burden our reports with the facts of the case since, as will presently be disclosed, they are neither necessary nor required in order to dispose of the decisive questions raised by the appellee (defendant) respecting the rights of the appellant (State) on appellate review.

For all purposes essential to a disposition of the decisive questions involved it suffices to say:

That the case was instituted and came on for trial in accord with the provisions of the statute above cited.

That during the course of the trial the trial court admitted evidence, in the form of a stipulation of facts, which appellant claimed, and the appellee denied, was sufficient to establish the fact of nonaccess between the relatrix and her living husband during the involved period of gestation.

That after the stipulation had been admitted the appellant attempted to introduce evidence on the part of the relatrix to the effect the appellee was the father of the child in question. Appellee objected to all evidence of this character on the ground the relatrix was not competent under the circumstances to testify so as to bastardize such child. Ultimately the trial court sustained the objection and refused to admit the evidence.

Following exclusion of the foregoing testimony appellant did not see fit to offer further evidence. Upon its failure to do so the trial court found that the cause should be dismissed and rendered its order and judgment accordingly. Thereupon appellant gave notice of appeal from the judgment and order of the district court dismissing the action and brings the cause to this court with an abstract, containing a single specification of error, which states in substance that the trial court erred in sustaining appellee's objection to any testimony on the part of the relatrix.

On oral argument, and by a motion to dismiss, based on jurisdictional grounds, appellee directs our attention to the fact that although appellant appealed from the order and judgment dismissing the involved bastardy proceeding it failed to specify that action as error, hence the propriety of such ruling is not subject to appellate review. This contention has merit and must be upheld. We note a few of the decisions supporting this conclusion.

*Rice v. Hovey,* 180 Kan. 38, 299 P. 2d 45, holds:

"Rule No. 5 of the Supreme Court requires that the abstract of the appellant shall include a specification of the errors complained of, separately set forth and numbered.

"Appellants' failure to comply with Rule No. 5 of the Supreme Court Rules (174 Kan. XI; G. S. 1949, 60-3826 [now 188 Kan. XXVII]) by including in their abstract of record an abstract of the pleadings and of the evidence to enable this court to arrive at a full understanding of the questions involved and their failure to include a specification of errors complained of separately set forth and numbered, is fatal, and following *Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213 and *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626, the appeal is dismissed." (Syl. ¶ 1 & 2.)

And in the opinion states:

"Error is never presumed and it is the duty of the party complaining to indicate wherein it was committed. This court cannot review error, which is claimed was committed, if none is specified (*Quick, Receiver v. Purcell,* supra)." (p. 39.)

To the same effect is *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626, where it is held:

"On appeal the rule is that error is never presumed, and it is incumbent upon the party complaining to indicate wherein it was committed.

"Rule No. 5 of the Supreme Court requires that the abstract of the appellant shall include a specification of the errors complained of, separately set forth and numbered.

"A motion for a new trial or a notice of appeal does not constitute a specification of the errors complained of within the meaning and purport of Rule No. 5 of the Supreme Court." (Syl. ¶¶ 1, 2 & 3.)

And in the opinion said:

"Manifestly, this court cannot review error which is claimed was committed, if none is specified. Error is never presumed (*Quivira, Inc. v. Quivira Co., Inc.,* 173 Kan. 339, 245 P. 2d 972; *Elliott v. P. H. Albright Farm Loan Co.,* 129 Kan. 280, 282 Pac. 749), and it is the duty of the party complaining to indicate wherein it was committed. (*Fakes v. Osborne,* 165 Kan. 176, 193 P. 2d 218.) All that the abstract of the instant appeal contains is a motion for a new trial and a notice that appellant appeals from the judgment rendered against him. A motion for a new trial or a notice of appeal does not constitute a specification of error within the meaning and purport of Rule No. 5. (*Lambeth v. Bogart,* 155 Kan. 413, 125 P. 2d 377.)" (P. 320.)

For supporting decisions of like import see *Lambeth v. Bogart,* 155 Kan. 413, 415, 125 P. 2d 377; *Miller v. Rath,* 173 Kan. 192, 193, 244 P. 2d 1213; *Jeffers v. Jeffers,* 181 Kan. 515, 517, 313 P. 2d 233; *Wilson v. Evans,* 185 Kan. 520, 522, 345 P. 2d 1002; *Otto v. Swartz,* 186 Kan. 689, 692, 693, 352 P. 2d 12; *In re Estate of Rosey,* 187 Kan. 254, 256, 356 P. 2d 849; *Jones v. Kansas City Embalming & Casket Co.,* 190 Kan. 51, 372 P. 2d 60. See, also, page 259 of the opinion in *Blevins v. Daugherty,* 187 Kan. 257, 356 P. 2d 852, which cites numerous authorities dealing with situations where the rule has been considered, discussed, and applied, under divers conditions and circumstances, in many decisions, both civil and criminal.

In passing we are not unmindful the record discloses a single specification of error to the effect the trial court erred in sustaining appellee's objection to any testimony on the part of the relatrix. We are not concerned with the propriety of this claim of error for, under our decisions, rulings not particularly specified in or raised by a notice of appeal present nothing for appellate review. See, e. g., *Baker v. Maguire's Inc.,* 176 Kan. 579, 272 P. 2d 739; *Pennington v. Kansas Turnpike Authority,* 180 Kan. 638, 305 P. 2d 849; *O'Brien v. Jones,* 183 Kan. 170, 326 P. 2d 257; *Otto v. Swartz,* 186 Kan. 689, 693, 352 P. 2d 12.

Under the related facts and circumstances adherence to Rule No. 5 and the decisions heretofore cited requires that the instant appeal be dismissed.

It is so ordered.