No. 21,511.

THE STATE OF KANSAS, *Appellee,* v. HENRY CICCEL, *Appellant.*

SYLLABUS BY THE COURT.

LIQUOR LAW—*Maintaining Nuisance—Insufficient Evidence.* The verdict of conviction being unsupported by the evidence, the judgment was erroneously rendered.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed November 10, 1917. ' Reversed.

*Archie D. Neale,* of Chetopa, for the appellant.

*S. M. Brewster,* attorney-general, *L. E. Goodrich,* county attorney, and *C. E. Pile,* of Parsons, for the appellee; *James P. Coleman,* of Topeka, of counsel.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from a judgment of conviction for maintaining a nuisance, claiming that the verdict of guilty was not supported by the evidence.

The facts in substance are that the Hudson barn on a farm north of Chetopa was searched and several barrels which contained or had contained whisky were found, and some sacks into which bottles of whisky had been packed as if for convenient carrying by some person. The defendant on the day of the search was on the premises unloading some coal. A transfer man had been seen at different times going in the direction of the Hudson place with barrels. A search was made on January 20, 1917. The drayman testified that about Christmas week before this the defendant met him at the depot and said he had some stuff at the depot and wanted it delivered, and gave him 'bills of lading, telling him he could not deliver it until late in the evening, and to meet him at the depot at 4:30. That he met him at 4:45, but had no further conversation or transaction with him. The defendant paid him for the delivery at the time he turned over the bills of lading; that he delivered two common wooden barrels with tags on them; that about August 1, 1916, he had made the first delivery of two such barrels and had delivered three on the

20th of January, 1917. This witness testified that he did not deliver any barrels at the Hudson place on January 20, by the direction of the defendant, and so far as he knew the defendant had nothing to do with the matter. Witness did not see him at all. The tags introduced in evidence did not contain the name of the defendant. One witness testified that on January 20 he saw the drayman going toward the Hudson place and followed; that when he got there he drove around to the north side of the barn, unloaded the barrels, and rolled them inside and put them in the barn. Witness saw the defendant there at the time, east of the house as he remembered; when he came back later for the search he saw the defendant unloading coal out of a wagon. On redirect examination he testified that when he first saw the defendant that day it was in the forenoon, and he was northeast of the house coming from the barn with a bucket of coal.

The state contends that while there is no evidence connecting the defendant with the shipment of January 20, a common nuisance was maintained at the Hudson barn, and that the defendant took advantage of the situation and used the barn for the illegal storage of liquor that belonged to him, and argues that when during the previous Christmas week he told the drayman to deliver some stuff he meant whisky, as "stuff" among bootleggers means whisky.

The evidence is sufficient to warrant the conclusion that the drayman had for several months delivered whisky from time to time at the Hudson barn; that it was kept there for an unlawful purpose, although there is no evidence showing or tending to show that any persons drank on the premises, or resorted there for that purpose. The fair inference would be that the barn was used as a storehouse from which whisky could be sold, or peddled by bootleggers. It would also warrant the conclusion that a month previously the defendant had evinced a substantial and practical interest in whatever whisky business was going on at the Hudson barn. Whether he did this on his own account or for someone else (the testimony seeming to indicate that he is a colored man) is not made clear. Several of the Hudsons were at the place and presumably they or some of them were in control thereof. The mere fact of the defendant's presence there in the way indi-

cated on the 20th of January, in connection with the transaction of the drayman the previous Christmas week, is not evidence sufficient to convict him of maintaining a nuisance on the latter date.

Common sentiment in this state has for some years been so strongly in favor of enforcing the prohibitory law that it is usually no trouble whatever to convict when there is evidence which would work a conviction in any other case, and frequently when it would not. The state has no right to punish a citizen criminally on mere suspicion not amounting to proof. Such suspicion is all that can be found in, or fairly inferred from, the record, and it follows that the conviction was erroneous.

The judgment is reversed with directions to discharge the defendant.