No. 24,086.

Joseph A. Rupp, *Appellee*, v. (Frank M. Dinkel *et al.*) Margaret Dreiling, *Appellant.*

SYLLABUS BY THE COURT.

Appeal—*No Reversal Unless Error Appears in the Record.* Error of the district court must be shown before its judgment will be reversed by the supreme court.

Appeal from Ellis district court; Isaac T. Purcell, judge. Opinion filed January 6, 1923. Affirmed.

*A. J. Wiles*, of Hays, for the appellant.
*E. A. Rea*, and *E. C. Flood*, both of Hays, for the appellee.

The opinion of the court was delivered by

Marshall, J.: Margaret Dreiling appeals from a judgment fixing priority of liens on a crop of wheat. She claims a thresher's lien under chapter 231 of the Laws of 1917.

The court has before it the petition of the plaintiff in which he claims a lien under a contract with the tenant farmer and other lien-holders for harvesting the wheat. The court has the answer of defendant Dinkel in which he claims a lien on the wheat under a chattel mortgage given by the tenant farmer. The court also has the answer of Margaret Dreiling in which she claims a lien on the wheat for threshing it. No replies are shown to the answers. The wheat had been placed with the Kansas Flour Mills Company. That company was ordered to sell the wheat and make distribution of the proceeds as follows:

"(1) That out of the proceeds of said wheat the costs of this action taxed at $47.00 be paid; (2) that the defendant Robert Goetz be paid $112.42, be-

ing the amount of his landlord's lien upon said wheat; (3) that the plaintiff Joseph A. Rupp be paid the sum of $500 with interest at 6 per cent per annum from the 1st of August, 1921; (4) that the defendant Frank M. Dinkel be paid the amount of his lien under his mortgage computed at $593.00; (5) that the remainder, if any, after paying Frank M. Dinkel, be paid to defendant Margaret Dreiling in satisfaction of her claim for threshing said wheat fixed at $166.64."

There was a motion for a new trial.

We quote the entire brief of the appellant—

"The labor of the appellant in threshing the wheat in question, preserved it, and converted it into a marketable condition. Without such labor, none of the parties hereto could have received any payment on their respective claims against said wheat. She has a lien on all of said wheat for her work, which she perfected by complying with Chapter 231 of the Session Laws for the year 1917 of the State of Kansas. Her lien is superior to either the claim of plaintiff, Joseph A. Rupp, or the lien of defendant, Frank M. Dinkel, and under the laws of the State of Kansas, she is entitled to her pay."

The contention of the appellant may be correct, but the record brought to this court does not disclose that the judgment was wrong or on what it was based. It may have been on the pleadings, on trial statements, on admissions and stipulations, or on evidence. There is nothing to show that any error was committed. For that reason, the judgment is affirmed. (*Bartlett v. Feeney*, 11 Kan. 593.) Many cases to the same effect might be cited.

The judgment is affirmed.