No. 26,071

THE STATE OF KANSAS, Appellee, v. (RAY COOLEY) DOCTOR S. W. NOSSAMAN, Appellant.

SYLLABUS BY THE COURT.

INTOXICATING LIQUORS — Unlawful Possession — Evidence — Instructions. In a prosecution for the unlawful possession of intoxicating liquor, the record is examined, and it is held, (1) the intoxicating character of the liquor was established, (2) there was substantial evidence to sustain the verdict, and (3) the instructions fairly presented the question of the guilt of appellant apart from the guilt of his codefendant.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed March 7, 1925. Affirmed.

Chas. C. Calkin, of Kingman, for the appellant.

C. B. Griffith, attorney-general, and C. A. Burnett, assistant attorney-general, for the appellee; Clark A. Wallace, of Kingman, of counsel.

The opinion of the court was delivered by

HARVEY, J.: Ray Cooley and Dr. S. W. Nossaman were prosecuted on an information containing two counts. The first count charged unlawful possession of intoxicating liquor, and the second charged the maintenance of a liquor nuisance. Both defendants were found guilty on the first count and not guilty on the second

count.    The defendant Nossaman alone appeals, and contends that the intoxicating character of the liquid was not established. The alcoholic content was from 43 to 49 per cent, and some of the witnesses testified that it was corn whisky.  This was sufficient to sustain the verdict so far as the intoxicating character of the liquid was concerned.

Appellant contends there was no competent evidence substantial in character that he was in possession of the liquor.   The facts disclosed by the record upon which this contention is based are substantially as follows:

Doctor Nossaman is, and for many years has been, a practicing physician at Cunningham.   His office is on the second floor of a two-story business building, owned by him, and situated on the corner of a block.   The entrance to his office is by a stairway from the street.   For some ten years he had rented the first floor to some one who conducted a drug store therein, the doctor having no interest in the business.   Prior to that time he and his wife had conducted some kind of a business therein, and among other things carried a line of wall paper.   In December, 1923, Ray Cooley and Doctor Nossaman bought the stock of merchandise in the drug store and became partners in its ownership.   The agreement between them was that they would confer about the general policy of conducting the business; that Cooley would devote his entire time to the business, and receive a salary therefor; that Doctor Nossaman was not expected to devote his entire time to the business, and received no salary, and it was specifically agreed that no intoxicating liquors or preparations that might be used as a substitute therefor would be kept in or about the business.   Neither of them was a pharmacist.   The principal business was the soda fountain, such accessory merchandise as is handled in a drug store, and medical preparations prepared for the retail trade.   No attempt was made to fill prescriptions of other physicians.   In the actual conduct of the business Cooley ordinarily did the buying, waited on customers, and, generally speaking, conducted the store.   A young man named Luce was employed to work in the store.   Doctor Nossaman went to the store for medicines used in his practice, compounded his own prescriptions, and occasionally waited upon a customer, and he gave an order for a stock of wall paper to be carried in the store for sale, and perhaps for other merchandise. The building was 125 feet long and divided into three rooms.   The

front room was 25 by 80, in which was the general merchandise stock. In the middle room, 25 by 25, the stock of wall paper was kept, also soda-fountain syrups, and there was an old prescription case in the room, in which was kept a large number of four ounce bottles which Doctor Nossaman had ordered. The back room 15 by 25, was used for unpacking merchandise.

Cooley had some farming interests near Cunningham, also had charge of a picture-show house in town, where he showed pictures once or twice a week, but Doctor Nossaman had no interest in these matters. On a Saturday evening the sheriff and other officers, having a search warrant, went to the store. Doctor Nossaman was there sitting near the stove, having just returned from a professional drive. He was shown the warrant and told the officers to go ahead and search, and assured them they would find no intoxicating liquors, even offered to give them $50 if they did. The officers asked for the manager and Luce said he was over at the picture show. Luce stepped out and soon returned with Cooley. The officers searched the premises. In the old prescription case in the middle room they found two 16-ounce bottles and one 12-ounce bottle containing what they said was corn whisky. Both Cooley and Doctor Nossaman denied any knowledge of the whisky, and suggested that perhaps some enemy had placed it there to entrap them. Appellant testified that he had heard rumors that Cooley was handling intoxicants, but gave it no attention before the search and arrest. The question that Cooley might be liable and appellant not liable was not urged so forcibly in the trial below as it is here. We regard the evidence as being sufficient to sustain the verdict.

In this connection appellant complains of instructions given and the refusal to give instructions requested. We have examined this complaint carefully and find it to be without substantial merit. The court gave an instruction on what constitutes possession of intoxicating liquor within the meaning of the law, which is as favorable to appellant as he could possibly ask, applied the instruction to each of the defendants severally, and told the jury they could return a verdict of guilty as to both, or of not guilty as to both, or of guilty as to one and not guilty as to the other, as the evidence in their judgment justified. Considering the instructions as a whole, the question of the guilt of appellant, apart from that of Cooley, was fairly presented.

The judgment is affirmed.