No. 28,405.

THE STATE OF KANSAS, *Appellee*, v. PEARL HANCOCK and W. C. SANDERS, *Appellants*.

(275 Pac. 1089.)

Opinion denying a rehearing filed April 6, 1929. (For original opinion of affirmance see 127 Kan. 510.)

*J. N. Tincher, Don Shaffer, Rubert G. Martin, Mabel Jones Shaffer,* all of Hutchinson, and *H. E. Walter,* of Kingman, for the appellants; *J. W. Ward,* of Wichita, of counsel.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Paul R. Wunsch,* county attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Mrs. Hancock has filed a petition for rehearing. She desires to reargue the question of sufficiency of evidence to sustain the verdict against her, free from any entangling alliance with her codefendant, Sanders. In disposing of Mrs. Hancock's case the court was not confused by the briefs and the oral argument in behalf of Sanders. Mrs. Hancock's brief and the oral argument in her behalf made it clear that she is the mother of two daughters in school, and the court noted what she had to say pertinent to the case. It was pointed out that the court is not interested in quantity of evidence and strength of inferences from evidence in her favor. The question was whether there was substantial evidence to warrant the jury in finding her guilty. The court was not disposed to spread the evidence on the pages of the Kansas reports. Counsel for Mrs. Hancock still insist there was no substantial evidence to sustain conviction, and so in effect challenge the court to produce it.

Mrs. Hancock was proprietor of a restaurant in the small town of Zenda. Complaints about the place had been made by different persons to the sheriff. The city marshal was a deputy sheriff, and the sheriff and marshal arranged a code to be used in communications between Zenda and the sheriff's office relating to the place. About 4 o'clock in the afternoon of December 18, 1927, the marshal communicated with the sheriff, and about 4:30 the sheriff and two

deputies arrived with a search warrant. As indicated in the former opinion, liquor was found in a rear room of the restaurant. One of Mrs. Hancock's daughters was in the room when the officer came in. She said the first thing he did was to lock the door, and the next thing was to walk straight to the can of floorsweep in which the liquor was hidden, under one of her dresses. A groceryman of Zenda had told the city marshal there was liquor in the restaurant, and that a named person had bought liquor there that day. The marshal communicated the information to the sheriff.

Besides the bottle of liquor found in the can of floorsweep, a gallon jug was found in Sanders' car, which contained a small quantity of liquid smelling strongly of alcohol. There were a good many people in Zenda that day, attending a showing of the new Ford car. Sanders' conduct at the time of the raid was described in the former opinion. The description need not be repeated here, but it is pertinent as disclosing Sanders' appreciation of the state of affairs at the restaurant.

Sanders was Mrs. Hancock's cook. He had previously been convicted of selling cigarettes, and had previously been arrested for selling liquor, but was not convicted. When the officers arrived he was working a machine placed in the restaurant that morning containing six dice agitated by a spring. If certain numbers came up the operator got so much in trade. Besides being Mrs. Hancock's cook Sanders had social relations with her. She was a divorced woman, and she said she went to church and to picture shows with him. When asked if she went to dances with him she said she had been to dances where he was, but did not remember of going with him. When cross-examined she remembered going to a dance one night in an automobile with four men, one of whom was Sanders.

On one occasion the city marshal saw two men in the kitchen of the restaurant drinking from the same bottle. On another occasion Mrs. Hancock remarked to a man that he had a bad cold. He said probably a little tobacco smoke would do him some good. She asked if anything else would do, and said she had it for $2.50. The witness said he did not know what she meant; but it was not necessary there should be a mind reader on the jury for the jury to know what she meant. After she was arrested Mrs. Hancock admitted to the sheriff that men had drunk and gambled in the restaurant.

The petition for rehearing is denied.