No. 28,922.

Joseph I. Elliott et al., *Appellants*, v. The P. H. Albright Farm Loan Company, *Appellee.*

(282 Pac. 749.)

Opinion filed December 7, 1929.

*Paul A. Lamb*, of Caney, for the appellants.
*S. C. Bloss, S. S. Bloss* and *G. T. McNeish,* all of Winfield, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Joseph I. Elliott and La Vina Elliott, his wife, brought this action against the P. H. Albright Farm Loan Company to recover statutory damages and attorneys' fees for the refusal of defendant to enter satisfaction of mortgages which were executed and recorded and upon which no money or other consideration was paid by the defendant.

In defense the defendant pleaded that an application for the loan made by plaintiffs was accepted upon condition that the plaintiffs would "remove all liens now on said land, and have any necessary corrections in the title before the loan is completed. For the purpose of completing this loan I hereby appoint P. H. Albright Farm Loan Company of Winfield, Kansas, as my duly authorized agent." It was alleged that for the purpose of completing the loan it was necessary to incur expenses for the extension of an abstract covering the real estate, which amounted to $7.60, and further that an attorney's opinion accompany the abstract, and that this was necessary to complete the loan, for which the defendant paid the sum of $3; that the fees for recording the two mortgages were $2.70 and mortgage taxes paid thereon of $5.50, making a total of $18.80 incurred at the

instance and request of plaintiffs. It was alleged that plaintiffs neglected to comply with the agreements made in their application that they would remove all liens and have necessary corrections made in the title before the loan was completed, and that it was not completed solely on account of the neglect of plaintiffs to comply with the agreements aforesaid; further alleged that defendants informed the plaintiffs that they were ready, willing and able to complete the loan any time plaintiffs should comply with the contract, and that on April 7, 1928, and prior to the bringing of this action, defendants informed plaintiffs in writing that upon the payment of the $18.80 expenses the defendants would treat the agreement as at an end, and would enter a release of the mortgages, but compliance with this requirement was not made by the plaintiffs.

During the pendency of the proceeding Joseph I. Elliott died, and the action was revived in the name of La Vina Elliott, his wife. A trial was had in which testimony on the issues joined was received, after which the court entered the following judgment:

"And thereupon having heard the evidence, and after listening to the arguments and being fully advised in the premises finds, that the plaintiffs are not entitled to recover the statutory damages and attorney fees as prayed for in the petition of said plaintiffs.

"Wherefore, it is by the court considered, ordered, and adjudged, that the plaintiffs recover nothing herein, and that the costs of this action in the amount of $—— be taxed against the plaintiffs."

The plaintiff appeals, and his only assignments of error are that the court erred in entering judgment in favor of the defendant and in overruling plaintiff's motion for a new trial. The record brought here contains no more than the pleadings and judgment. Other matters are set out, but these do not constitute a valid part of the record. No transcript of the evidence was produced, nor of the proceedings at the trial, and, as we have seen, the judgment is based on the evidence presented at the trial. There is a statement in plaintiff's abstract that certain facts were agreed upon which were considered at the trial, but the defendant in a counter abstract states that there was no agreed statement of facts and this challenge is not met by the plaintiff. He refers in a reply brief to a letter written by the trial judge in support of a claim that the facts were agreed upon, but that, even if it were a part of the record, does not show that the facts were agreed upon by the parties. It rather shows that an attempt to obtain an agreed statement of facts was fruitless

and also an admonition by the trial judge that parties try to agree upon the facts, but according to the record this was never accomplished. So we have a judgment depending on evidence and no evidence preserved in the record of the appeal. It devolved on the plaintiff to procure a transcript of the evidence and proceedings received and taken at the trial and to furnish the opposing party an abstract of the proceedings so that defendant in a counter abstract might make any needed corrections or supplement anything omitted which was material in the appeal. The defendant was not required to furnish a transcript for plaintiff and had no opportunity to present the counter abstract in the absence of a transcript. Plaintiff's statement of facts in the abstract, not brought into the record as the code provides, cannot be considered on this appeal. (*Machinery Co. v. Schierkolk,* 101 Kan. 77, 165 Pac. 854.)

The assignment of error is that the judgment is wrong, but how can this court say that error was committed in its rendition without a record of the evidence on which it was based? We cannot presume error, but must assume it to be a valid judgment unless it is affirmatively made to appear that there were no facts to justify its rendition. (*Rupp v. Dinkel,* 112 Kan. 534, 211 Pac. 629.) The assignment that the court erred in rendering judgment does not even amount to a specification of error. (*Lumber Co. v. Smith,* 84 Kan. 190,. 114 Pac. 372.) We have no more before us than the pleadings and judgment, and whether there were admissions, stipulations and controlling evidence we cannot learn from the record presented. In the absence of more we must assume that proof was made to warrant the judgment rendered by the trial court.

The second assignment that there was error in denying a motion for a new trial because the judgment is contrary to the evidence and that erroneous rulings were made is not entitled to consideration without the evidence and record of the rulings about which complaint is made.

The judgment is affirmed.