No. 32,544

THE STATE OF KANSAS, *Appellee*, v. EDWARD N. PORE, *Appellant*.

(55 P. 2d 348)

Opinion filed March 7, 1936.

*Clarence R. Sowers,* of Wichita, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner,* assistant attorney general, *Sidney L. Foulston,* county attorney, and *Roger P. Almond,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal by defendant from a judgment and sentence as a persistent violator of the prohibitory law, following a verdict of guilty to that effect.

He contends that the evidence was insufficient to prove his illegal possession of intoxicating liquor or the maintenance of a liquor nuisance. The evidence in brief was as follows: Police officers called at defendant's home in Wichita. One of them knocked at the front door; defendant's wife opened it, and seeing a policeman, she slammed the door, locked it, and called her husband. The officer kicked the door open and went into the bathroom, where defendant's wife was pouring a jug of whisky into the stool. He took the jug from her and she again called her husband, this defendant. He came and when he saw the officer in possession of the whisky jug he said, "Well, I guess I had better get ready."

Other evidence tending to show that the defendant's home had been turned into a liquor nuisance was some bottles of beer and

empty beer bottles and an empty flask on the back porch and three jugs in the bathroom, two of which were empty. The liquor in one of the jugs tested 50 percent alcohol. This evidence was quite sufficient to take the case to the jury on a charge of violating the prohibitory law. (*State v. Perry,* 102 Kan. 896, 171 Pac. 1150; *State v. Nossaman,* 118 Kan. 157, 233 Pac. 1028; *State v. Carl,* 124 Kan. 277, 259 Pac. 680.).

The fact that defendant had been previously convicted of violations of the prohibitory law was not in dispute, so that the only issue in this case was the sufficiency of the evidence to prove a breach of the intoxicating-liquor act.

Defendant cites *State v. Metz,* 107 Kan. 593, 193 Pac. 177, which dealt with the requisite facts to constitute possession of liquors, and *State v. Ciccel,* 101 Kan. 787, 168 Pac. 867, which considered the sufficiency of the evidence to sustain a verdict of guilty. We discern nothing in either of these cases which could justify a reversal of the judgment in the case at bar.

In defendant's behalf evidence was adduced to show that the presence of the intoxicating liquors in defendant's home was altogether without his knowledge, that his stepdaughter's brother-in-law had brought the whisky to defendant's house and put it in the bathroom while defendant was away from home at manual labor, and that when he returned from his day's work he did not go to the bathroom, but washed in the kitchen, and that he did not see any bottles, jugs or liquors about the house that evening. But it hardly needs to be said that the jury were not bound to believe that evidence; and the credence to be attached to it was their concern, not ours. Indeed, the circumstance that defendant's kinsfolk or guests felt privileged to bring intoxicating liquors into his home was not without some damaging significance to the defense of this case. (*State v. Hancock,* 127 Kan. 510, 274 Pac. 209; id., 128 Kan. 11, 275 Pac. 1089.)

Defendant complains because the trial court permitted the jury to smell the whisky in the jug which the police officer took from defendant's wife. We think this was an impropriety, although we have heretofore held that such an incident was nonprejudicial. (*State v. Watson,* 92 Kan. 983, 142 Pac. 956; *State v. Jackson,* 121 Kan. 711, 249 Pac. 688.) In this case the record does not show that the intoxicating qualities of the liquor seized by the officer were in dispute, consequently we must say once more that this "smelling"

incident complained of did not constitute prejudicial error. But surely the manifest reluctance of this court to give countenance to such incidents, as repeatedly intimated in our opinions, should prompt prosecuting attorneys and trial courts to refrain from such practices.

Defendant also complains of the testimony given by a police officer touching complaints the police department had received concerning defendant's premises. It does not appear that this trial error, if such it was, was pressed on the trial court's attention on the hearing of the motion for a new trial, consequently no reversible error can now be predicated on it. (Crim. Code, §§ 210, 275, R. S. 62-1414, 62-1603; *State v. Heustis,* 118 Kan. 152, 233 Pac. 801. But see, further, *State v. Brooks,* 74 Kan. 175, 85 Pac. 1013; *State v. Adler,* 119 Kan. 757, 241 Pac. 119; *State v. Gendusa,* 122 Kan. 520, 253 Pac. 598.)

There is nothing further in this appeal of sufficient importance to justify discussion.

The judgment is affirmed.