No. 41,434

THE STATE OF KANSAS, *Appellee,* v. REX HAMILTON, *Appellant.*

(340 P. 2d 390)

Opinion filed June 13, 1959.

*Kenneth H. Foust,* of Iola, argued the cause, and *John O. Foust,* of Iola, was with him on the briefs for the appellant.

*Richard L. Ashley,* County Attorney, and *Charles F. Forsyth,* of Erie, argued the cause, and *John Anderson, Jr.,* Attorney General, was with them on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Defendant, Rex Hamilton, was convicted of burglary in the second degree and larceny in connection therewith, and has appealed. Specifically, he and two other defendants were charged with breaking and entering in the nighttime a certain building in Erie and stealing 3,100 pounds of pecans stored therein, in violation of G. S. 1949, 21-520 and 21-524. Apparently they were granted separate trials for we are told that the trial of one resulted in a hung jury, and that the other defendant has not been tried.

Defendant, Rex Hamilton, appellant here, having twice previously been convicted of a felony, was, under the provisions of the habitual criminal statute (G. S. 1949, 21-107a), sentenced to a term of not less than fifteen years for the burglary offense and to a like term for the larceny, the sentences to run concurrently.

Following the verdict of guilty defendant filed a motion for a new trial containing five grounds. The motion was overruled, whereupon he perfected this appeal. The notice of appeal states

that he appeals from the order overruling his motion for a new trial. His only specifications of error, however, are:

"I. The Court admitted testimony to be introduced on behalf of the State over the objection of the defendant, which testimony was not proper and was prejudicial to the defendant.

"II. The verdict is not sustained by sufficient evidence."

At the time of oral argument counsel for defendant, for the first time, requested permission to amend and enlarge the specifications of error so as to include the order overruling the motion for a new trial. We have considered the request but have concluded that in the interest of orderly procedure on appellate review it came too late and is therefore denied. (*Dupont v. Lotus Oil Co.*, 168 Kan. 544, 545, 213 P. 2d 975.)

In view of the record before us and the specifications of error, there is serious doubt whether there actually is anything before this court for review. The two errors specified are statutory grounds for a new trial in a criminal prosecution (G. S. 1949, 62-1603). It has been held repeatedly that in order to obtain a review of alleged trial errors it is required that an appellant appeal from the order overruling his motion for a new trial and, in addition, that such order be specified as error.

In *State v. Shehi*, 125 Kan. 110, 263 Pac. 787, it was held:

"Rule followed that claims of trial error not brought to the attention of the district court by motion for new trial, and not brought to the attention of this court by assigning as error denial of the motion for new trial, may not be considered on appeal." (Syl. 2.)

In *State v. Pore*, 143 Kan. 344, 55 P. 2d 348, it was held:

"Error in the admission of evidence of debatable competency cannot be considered on appeal when the matter complained of was not urged in the court below in a motion for a new trial, and where no error is assigned on the overruling of the motion for a new trial." ([4] Syl.)

In *State v. Brown*, 145 Kan. 247, 65 P. 2d 333, it was said:

"As the record in this case fails to show a specification of errors, and as the overruling of the motion for a new trial is not assigned as error, there is a grave question whether there is anything before this court for review." (p. 249.)

To the same effect see *State v. Owen*, 161 Kan. 361, 168 P. 2d 917.

In *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, it was held:

"Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and, when an appellant seeks to have this court review alleged trial errors, he must appeal

from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error." (Syl. 1.)

The Turner case was appealed to the Supreme Court of the United States, and on March 30, 1959, that court, in a *per curiam* opinion, dismissed the appeal for want of a substantial federal question. (359 U. S. 206, 3 L. ed. 2d 759, 79 S. Ct. 739.)

It is quite true that under G. S. 1949, 62-1701, an appeal to this court may be taken by a defendant as a matter of right from any judgment against him. The statute, however, does not mean that a defendant is entitled to a review of every matter involved in his trial and sentence without compliance with well-established rules of procedure relating to appellate review. In other words, while in this case defendant did appeal from the order overruling his motion for a new trial, his failure to specify that order as error precludes a review of alleged irregularities and errors occurring during the trial.

Defendant has failed to establish that his rights have been in any way prejudicially affected, and upon the record before us this court is compelled to affirm the judgment of the trial court.

The judgment is affirmed.