No. 41,699

THE STATE OF KANSAS, *Appellee*, v. P. D. MORROW, alias P. D. MORROW, JR., alias EARL T. MORROW, alias PETE MORROW, *Appellant*.

(349 P. 2d 945)

Opinion filed March 5, 1960.

No appearance for appellant.

*R. K. Hollingsworth*, deputy county attorney, argued the cause, and *John Anderson, Jr.*, attorney general, *Robert E. Hoffman*, assistant attorney general, and *Keith Sanborn*, county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The defendant was charged, tried, and convicted of a violation of G. S. 1949, 21-554, and he appeals.

The statute is known as the worthless check statute. It makes it a crime for a person to issue to another a check on a bank for the

payment of money, knowing at the time of making and uttering that he has no funds on deposit with which to pay the check upon presentation. (Defendant's check was in the amount of $95.63.)

After the jury returned its verdict of guilty, defendant filed a motion for a new trial consisting of two grounds, (1) the verdict was contrary to the evidence, and (2) the court erred in admitting into evidence other checks on which defendant was not charged. Both of these grounds were alleged trial errors. Defendant presented only the first ground to the trial court and stated that in view of recent decisions of our court the second ground was without merit and would be abandoned. The motion for a new trial was overruled. Defendant stipulated he had been previously convicted of two prior felonies in the district court of Sedgwick county. By reason of such prior convictions, defendant was sentenced to a term of not less than twenty-five years in the state penitentiary under the provisions of G. S. 1949, 21-107a.

Defendant's notice of appeal to this court recites only that he appeals from the judgment and sentence made and rendered on May 25, 1959, in which he was sentenced to a term of not less than twenty-five years. Defendant does not appeal from the order of the trial court overruling his motion for a new trial, nor does he specify such ruling as error. As a matter of fact, neither his abstract nor his brief contains any specification of errors, although we glean from his inadequate record that he complains of (1) the verdict being contrary to the evidence, (2) error in admitting certain evidence, (3) perjured testimony, (4) improper remarks of the county attorney in his opening statement to the jury, and (5) the sentence being improperly imposed under the habitual criminal act (G. S. 1949, 21-107a). Defendant's first four grounds are alleged trial errors, and only the first ground was included in and presented to the trial court on defendant's motion for a new trial. This motion was overruled and no appeal was taken therefrom. The fifth ground will be dealt with later.

It is a long-standing rule of this court that in a criminal action alleged trial errors not heard or presented on the hearing of a motion for a new trial are unavailing on appeal. Moreover, specifications of error not included in the grounds of a motion for a new trial and not called to the trial court's attention cannot be considered on an appeal from a conviction in a criminal action. (*State v. Haught,*

180 Kan. 96, 100, 299 P. 2d 573; *State v. McManaman*, 175 Kan. 33, 35, 36, 258 P. 2d 997.)

Defendant did not appeal from the order overruling his motion for a new trial; therefore, despite his contention of trial errors, such errors are not reviewable. In *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 79 S. Ct. 739, 3 L. Ed. 2d 759, we said:

"Matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and, when an appellant seeks to have this court review alleged trial errors, he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error."

Notwithstanding the above-mentioned rules of law, we have carefully considered defendant's contentions of error and have determined that each is without merit.

As to defendant's fifth contention that the sentence was improperly imposed, he admitted two specific previous felony convictions. The trial court sentenced defendant under the habitual criminal act (G. S. 1949, 21-107a), which provides that if a person be convicted of felony a third time, he shall be confined in the penitentiary for a period of not less than fifteen years. Under G. S. 1949, 21-109, which provides that whenever an offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of years and no limit to the duration of such imprisonment or confinment is declared, he may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed. (*Browning v. Hand,* 184 Kan. 365, 336 P. 2d 409.) Defendant's contention that the habitual criminal act (21-107a) is unconstitutional is without merit. The act has been upheld in numerous decisions. (*Browning v. Hand,* supra; *Scott v. Hudspeth,* 171 Kan. 320, 232 P. 2d 464.)

After a careful examination of the record, we find nothing in defendant's contentions to justify a reversal of the case. It follows that the judgment of the trial court is affirmed.

It is so ordered.