No. 41,875

STATE OF KANSAS, *Appellee,* v. JEFF DAVIS DUREE, *Appellant.*

(352 P. 2d 957)

Opinion filed June 11, 1960.

*Walter I. Biddle,* of Leavenworth, argued the cause, and appellant was on the briefs *pro se.*

*Gerald Cauldwell,* county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, and *Robert E. Hoffman,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: In the district court the appellant was convicted of a violation of the provisions of G. S. 1949, 21-531, which makes it a felony to enter or attempt to enter a bank with intent to rob the bank. During the trial before the jury, appellant was represented by two competent counsel of his own selection. Counsel protected the rights of appellant until after the order overruling the motion for new trial and the sentence of the appellant to life imprisonment under the provisions of the habitual criminal act (G. S. 1949, 21-107a).

On May 21, 1959, the defendant was taken to the state penitentiary. On September 22, 1959, the defendant filed his notice of appeal. It would appear that defendant filed the notice of appeal

*pro se.* At defendant's request, the state furnished a complete transcript of all of the proceedings in the district court, but defendant failed to furnish an abstract of the proceedings as provided by Rule 5 of this court. The state has filed a counter abstract which actually covers the entire record of the case. Thus the state has expended several hundred dollars to aid the defendant in this appeal. Defendant has filed a somewhat repetitious assignment of errors, and a brief of sorts. Counsel, who argued the cause at the hearing of this appeal, seems to have had no part in preparing the appeal, but appeared upon the suggestion of the district court of Leavenworth county, where a habeas corpus proceeding had been filed.

In considering the appeal, we are faced first with the fact that the notice of appeal herein makes no attempt to appeal from the order overruling the motion for new trial. It has long been the rule of this court that in the absence of such an appeal and the assignment of the order overruling the motion for new trial as error, this court cannot review trial errors (*State v. Turner,* 183 Kan. 496, 328 P. 2d 733, appeal dismissed, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739; *State v. Owen,* 161 Kan. 361, 168 P. 2d 917; *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390; *State v. Shehi,* 185 Kan. 551, 552, 345 P. 2d 684; *State v. Morrow,* 186 Kan. 342, syl. ¶ 2, 349 P. 2d 945).

While almost all of the assigned errors occurred at the trial and are not properly here for review, we have surveyed the entire record and find that not one of the assigned errors could be thought to entitle defendant to a new trial, and we are of the opinion that the learned trial judge ruled correctly as to each one of such assignments.

Another assignment may be noted briefly. The defendant argues that the district court in sentencing him under G. S. 1949, 21-107a, committed error in first receiving evidence of two prior felony convictions and then fixing the penalty for the violation of the bank robbery statute at life imprisonment. The argument has no merit, and arises simply from a misconception of G. S. 1949, 21-107a. That statute provides for the increasing of the sentence for a third conviction of felony, not a new sentence upon the prior convictions (*State v. Ricks,* 173 Kan. 660, 250 P. 2d 773; and other cases annotated under statute).

From what has been said above, it is apparent that this court believes the defendant had a fair trial and was rightfully sentenced as shown in this record. Therefore, the sentence appealed from must be affirmed.

It is so ordered.