No. 41,911

THE STATE OF KANSAS, *Appellee*, v. BILLY MERLE TRINKLE, *Appellant.*

(352 P. 2d 937)

Opinion filed June 11, 1960.

Appellant was on the brief *pro se.*

*Leighton A. Fossey,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, *Robert E. Hoffman,* Assistant Attorney General, and *J. Richard Foth,* Assistant Attorney General, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The defendant, Billy Merle Trinkle, was duly convicted of the offense of forcible rape (G. S. 1949, 21-424) in the district court of Linn County, and pursuant thereto was sentenced to the state penitentiary under the provisions of that statute.

He subsequently filed in this court an original proceeding in habeas corpus in which he charged, in substance, that his imprisonment was illegel because the district court, under the provisions of what now appears as G. S. 1959 Supp. 62-1304, denied him a transcript of the record necessary and required in order to enable him to appeal from the judgment and sentence.

In the habeas corpus proceeding this court held that notwithstanding the provisions of 62-1304, above, recent decisions of the Supreme Court of the United States (*Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. 2d 1055, and *Eskridge v. Washington State Board,* 357 U. S. 214, 2 L. Ed. 2d 1269, 78 S. Ct. 1061) required that under all of the facts and circumstances defendant should have been furnished a transcript of the record in order to insure to him the right to the full appellate review available to all defendants in this jurisdiction who can afford the expense of a transcript. Accordingly, the attorney general was directed to see to it that defendant was furnished with such transcript by the proper officials of Linn county as soon as reasonably possible, but it was further held that under the circumstances he was not entitled to a writ of habeas corpus. Our decision in the case is found at *Trinkle v. Hand,* 184 Kan. 577, 337 P. 2d 665. Defendant's petition for a writ of certiorari was denied by the Supreme Court of the United States on October 12, 1959 (361 U. S. 846, 4 L. Ed. 2d 85, 80 S. Ct. 101).

In compliance with our decision, defendant was furnished with a transcript of the proceedings of his trial, and the matter now before us is his appeal from the conviction and sentence in the court below.

The state has filed a motion to dismiss the appeal for failure on the part of defendant to comply with the provisions of G. S. 1949, 62-1724, relating to service of notice of the appeal on the county

attorney within six months from the date of the sentence, citing *State v. Sims*, 184 Kan. 587, 337 P. 2d 704, and *State v. Shehi*, 185 Kan. 551, 345 P. 2d 684.

Without relaxing in any way the express mandate of the statute and the rule announced in the mentioned cases, we are, however, under the circumstances of this case, and particularly with respect to the delay in furnishing a transcript of trial proceedings to defendant, reluctant to sustain the state's motion to dismiss the appeal, and, although perhaps technically sound, the motion to dismiss is denied.

The notice of appeal in this case reads:

"Notice is hereby given that Billy Merle Trinkle, wishes to appeal his case to the Kansas State Supreme Court in Shawnee County, Topeka, Kansas.

Respectfully Submitted
Billy Merle Trinkle,
Affiant."

In his abstract defendant alleges seven specifications of error, six of which relate to alleged trial errors—that is, matters occurring during the trial. The remaining specification is that the verdict is not sustained by sufficient evidence.

The record before us shows that following the verdict of guilty the defendant, through his counsel, filed a motion for new trial and that after oral argument thereon the motion was overruled.

It is to be noted that the notice of appeal, above, makes no mention of the ruling on the motion for new trial and defendant does not appeal from that ruling.

It is a well-established rule of appellate procedure that matters specified as error, in order to be reviewable, must be within the purview of those matters contained in the notice of appeal, and when an appellant seeks to have this court review alleged trial errors he must appeal from the order overruling his motion for a new trial, and, in addition, must specify such ruling as error.

In *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, no appeal was taken from the order overruling the motion for a new trial. That ruling, however, was specified as error, but because of the failure to appeal from the overruling of the motion for a new trial it was held that alleged trial errors were not reviewable. The case was appealed to the Supreme Court of the United States, and on March 30, 1959, that court, in a *per curiam* opinion, dismissed the appeal for want of a substantial federal question (359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739).

In *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390, an appeal was taken from the order overruling the motion for a new trial, but such ruling was not specified as error. We adhered to the rule above announced and as applied in the Turner case, and held that alleged trial errors were not properly before us for review. A petition for a writ of certiorari was denied by the Supreme Court of the United States on December 7, 1959 (361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265).

See also *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945.

As stated, defendant failed to appeal from the order overruling his motion for a new trial. Further, he failed to specify such order as error. In order to obtain appellate review of alleged trial errors it is necessary that an appellant defendant do *both.* Here defendant did neither, and therefore alleged trial errors are not before us for review.

Application of the rule, however, does not preclude review of the complaint that the verdict is not sustained by sufficient evidence.

With respect to this matter we merely state that the record has been studied and we find absolutely no merit to the contention. The evidence is overwhelming to the effect that defendant— twenty-eight years old, six feet two inches tall, and weighing 200 pounds—forced the sixteen-year-old complaining witness to submit to him after an evening and night of abuse and terror, the events of which were fully corroborated by her companions. Medical testimony also confirmed the fact the girl had had intercourse on the night in question. No useful purpose would be served by detailing in our reports the facts of this crime. The evidence was such that it is difficult even to speculate how the jury could have arrived at any other verdict. Defendant was represented by competent counsel throughout the trial. The evidence of guilt as charged was overwhelming. Nothing has been shown to indicate that his rights were in any way prejudicially affected. The judgment is therefore affirmed.