No. 41,748

THE STATE OF KANSAS, *Appellee,* v. JOHN A. McARTHUR, *Appellant.*

(352 P. 2d 954)

Opinion filed June 11, 1960.

Appellant was on the brief *pro se.*

Austin Neal Wyrick, assistant county attorney, argued the cause, and *John Anderson, Jr.,* attorney general, and *Ethan Potter,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's conviction and sentence of the appellant-defendant for the commission of the crime of escape under G. S. 1949, 21-734.

The pertinent language of the information charged that defendant, while confined in the Kansas State Penitentiary at Lansing for a term of less than life and while working outside the walls of the prison as trusty, escaped from the custody of the officers thereof without being guilty of breaking such prison. This is the terminology of the statute and is sufficient. (*State v. McGaugh,* 180 Kan. 850, 853, 308 P. 2d 85.)

The trial court appointed a regularly-admitted and practicing attorney to represent defendant. The information was formally read to defendant, who entered a plea of not guilty, and any in-

firmity there may have been in the information was thereby waived. (*State v. Yowell,* 184 Kan. 352, 336 P. 2d 841.)

Trial was had before a jury and it returned a verdict of guilty. Defendant's counsel filed a motion for new trial, which was overruled by the trial court, and after defendant offered no reason why sentence should not be imposed upon him, he was so sentenced. The pertinent part thereof is that he was to be confined in the penitentiary for a term of not to exceed three years *to commence at the expiration of defendant's present sentence,* which provision appears only in G. S. 1949, 21-734.

Defendant did not appeal from the trial court's order overruling his motion for new trial, and he reiterates this point in his reply to the state's brief by use of the following language:

"This is an appeal taken from the Judgment of the District Court of Leavenworth County, Kansas."

In view of defendant's contentions that the evidence did not show a crime had been committed, or that it had been committed in Leavenworth county, and that he was guilty of the crime with which he was charged and convicted, these are plainly all trial errors which can only be raised on appeal from the order overruling the motion for new trial.

The appeal shows a better preparation by defendant than does the average *pro se* appeal and careful consideration has been given to his contentions, but they are untenable. Since defendant did not appeal from the trial court's order overruling his motion for new trial complete discussion of alleged trial errors is not required herein because his contentions are not properly before us for appellate review. (*State v. Teter,* 180 Kan. 219, 303 P. 2d 164; *State v. Hamilton,* 185 Kan. 101, 102, 103, 340 P. 2d 390, cert. denied 361 U. S. 920, 4 L. ed. 2d 188, 80 S. Ct. 265; *State v. Morrow,* 186 Kan. 342, 349 P. 2d 945) and defendant even now does not ask for a new trial but only that he be relieved of the judgment and sentence which has already been shown to be proper.

Defendant complains about his court-appointed counsel and while that, too, is an alleged trial error and technically cannot be reached in this appeal, a brief answer is found to that contention in *Converse v. Hand,* 185 Kan. 112, 340 P. 2d 874:

"There is no constitutional nor statutory guaranty for the assistance of the most brilliant counsel (*United States v. Thompson,* 56 F. Supp. 683, 688; *Miller v. Hudspeth,* 164 Kan. 688, 707, 192 P. 2d 147)." (p. 115.)

Defendant has failed to make it affirmatively appear that any of his substantial rights were prejudiced and, in fact, the record discloses the trial court carefully protected defendant's rights at every step of the proceeding.

Judgment affirmed.