No. 42,000

The State of Kansas, *Appellee,* v. Roy Jones, *Appellant.*

(356 P. 2d 843)

Opinion filed November 12, 1960.

*Roy Jones,* pro se.

*Donald C. Vosburgh,* County Attorney, argued the cause, and *John Anderson, Jr.,* Attorney General, and *Robert E. Hoffman,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: The defendant Roy Jones, a/k/a Jim Byrd, was charged with the crime of grand larceny, as defined by statute (G. S. 1949, 21-533, G. S. 1957 Supp., 21-533), specifically the theft of personal property of the value of more than fifty dollars, identified as a Hereford Roping Saddle. After his arrest on that charge, and a preliminary examination about which no complaint is made, he was charged by information in the district court of Wilson County with the commission of such crime.

In this district court, represented by competent counsel, defendant was tried by a jury and, after a verdict of guilty and the overruling of his motion for a new trial, sentenced to the state penitentiary for the commission of such crime.

Subsequently defendant gave notice of appeal reciting only that he was appealing from the decision and judgment of the Wilson County district court.

Thereafter, notwithstanding his notice of appeal makes no mention of the overruling of his motion for a new trial and does not even

purport to appeal from that ruling, defendant perfected the instant appeal and brings such appeal to this court under specifications of error limited strictly to trial errors alleged to have been committed by the district court in overruling the motion for new trial.

Nothing would be gained by here detailing the alleged trial errors on which appellant relies in support of this appeal. It suffices to say this court has long been committed to the rule, to which we adhere, that when, following conviction and sentence in the trial court, a defendant appeals to this court and seeks review of alleged trial errors he must appeal from the order overruling his motion for a new trial, and in addition specify that ruling as error, in order to make such questions subject to appellate review. See, e. g., *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739; *State v. Hamilton*, 185 Kan. 101, 340 P. 2d 390, 361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265; *State v. Combs*, 186 Kan. 247, 350 P. 2d 129; *State v. Morrow*, 186 Kan. 342, 349, P. 2d 945; *State v. Trinkle*, 186 Kan. 809, 352 P. 2d 937; also West's Kansas Digest, Criminal Law, §§ 1129(1), 1134(8); Hatcher's Kansas Digest (Rev. Ed), Criminal Law, § 418.

Even though the foregoing rule must be applied to questions raised by appellant with respect to trial errors its application does not preclude review of a contention that, under the statutory provisions to which we have previously referred, particularly G. S. 1957 Supp., 21-533, it was necessary for the state to prove the saddle in question was stolen in the nighttime in order to constitute grand larceny. In essence appellant's position on this point is that because this section of the statute makes theft of a saddle in the nighttime grand larceny, regardless of its value, the theft of such an article of the value of more than fifty dollars in the daytime is no offense whatsoever. This claim is wholly devoid of merit and cannot be upheld on either the applicable law or facts. Under the clear and unequivocal language of 21-533, *supra,* a person who is convicted of stealing a saddle of the value of fifty dollars or more, or of stealing a saddle in the nighttime regardless of its value, is guilty of grand larceny; and the facts of record, as to the value of the saddle in question, disclose ample evidence to sustain a conclusion its actual value was far more than fifty dollars.

The record presented discloses nothing to warrant the sustaining of this appeal. Therefore the judgment of the trial court must be and it is hereby affirmed.