No. 41,829

THE STATE OF KANSAS, *Appellee,* v. DOROTHY PAULINE CAMPBELL BEDNARK, *Appellant.*

(356 P. 2d 848)

Opinion filed November 12, 1960.

*Hall Smith, William L. Rees* and *Wright W. Crummett,* all of Topeka, were on the briefs for the appellant.

*John Anderson, Jr.,* attorney general, *Adrian J. Allen,* county attorney, and *William R. Brady,* assistant county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant was charged on five counts of an information with grand larceny as defined by G. S. 1957 Supp., 21-533, and was tried and convicted thereon. Thereafter, defendant perfected an appeal to this court from the order of the lower court overruling her motion for a new trial.

At the outset the question confronting this court is whether the defendant is entitled to be heard for the reason of defendant's utter failure to include in her very brief abstract the motion for a new trial or to set forth in her abstract any specification of error whatsoever. This court's rule No. 5 (183 Kan. XI; G. S. 1949, 60-3826), long in force and effect, among other things, provides that ". . . the appellant shall print an abstract of the record which shall reproduce such portions thereof as it is necessary to read in order to arrive at a full understanding of the questions presented for review, so that no examination of the record itself need be made for that purpose. . . . The appellant's abstract shall include a specification of the errors complained of, separately set forth and numbered."

We referred to this long-standing rule in *Quick, Receiver v. Purcell,* 179 Kan. 319, 320, 295 P. 2d 626, stating:

"Its purpose is designed to promote definiteness, fairness and orderly procedure of litigation on appellate review. It was intended to be of benefit to both the Bench and Bar alike. Specifically, its purpose is to advise both appellee and this court concerning error, or errors, which the appellant claims the trial court committed in rendering its judgment.

"Manifestly, this court cannot review error which is claimed was committed, if none is specified. Error is never presumed (*Quivira, Inc. v. Quivira Co., Inc.,* 173 Kan. 339, 245 P. 2d 972; *Elliott v. P. H. Albright Farm Loan Co.,* 129 Kan. 280, 282 Pac. 749), and it is the duty of the party complaining to indicate wherein it was committed."

All that the abstract in the instant appeal contains is a narrated copy of the information, portions of an opening statement by counsel for the state, a discussion of a motion to discharge based upon the information and opening statement of the prosecution, and two pages of testimony. Neither the motion for a new trial nor the notice of appeal nor the specification of errors is set forth in the abstract, and this court is at a loss to know what were the grounds for defendant's motion for a new trial or wherein the lower court erred. A motion for a new trial or a notice of appeal does not constitute a specification of error within the meaning and purport of rule No. 5. (*Quick, Receiver v. Purcell,* supra; *Lambeth v. Bogart,* 155 Kan. 413, 125 P. 2d 377.)

In the recent case of *State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390, many of our state cases pertaining to rule No. 5 were discussed and we again concluded that in order for the supreme court to review alleged trial errors in a criminal prosecution it is required that the defendant appeal from the order overruling his motion for a new trial, and, in addition thereto, such ruling *must* be specified as error. (Citing *State v. Shehi,* 125 Kan. 110, 263 Pac. 787; *State v. Brown,* 145 Kan. 247, 65 P. 2d 333; *State v. Owen,* 161 Kan. 361, 168 P. 2d 917, and *State v. Turner,* 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739.) See also *State v. Trinkle,* 186 Kan. 809, 352 P. 2d 937; 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 175, 176; 2 West's Kansas Digest, Appeal & Error, § 719 [10], § 722 [1].

Inasmuch as the record in this case fails to contain the motion for a new trial and the order overruling it or any specification of error, there is nothing for this court to review and the case is dismissed.

It is so ordered.