No. 43,300

STATE OF KANSAS, *Appellee*, v. RALPH R. FALDER, *Appellant*.

(379 P. 2d 296)

 Opinion
filed March 2, 1963. 

*John C. Fay*, of Manhattan, argued the cause and was on the briefs for the appellant.

*Donn J. Everett*, county attorney, argued the cause and *William M. Ferguson*, attorney general, and *John F. Stites*, of Manhattan, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The appellant in this appeal, apparently a resident of Manhattan, was charged with soliciting a minor child under the age of fifteen years as prohibited by G. S. 1961 Supp., 38-711. Appellant asked through his attorney for a continuance to enable him to have a psychiatric examination. The request was opposed by the state upon the ground that many of the witnesses were connected with armed services at Fort Riley and thus were subject to being moved with little notice.

The appellant was tried by a jury during the month of May, 1962, and was found guilty. Thereupon, the trial judge arranged for the defendant to be assigned to the Topeka State Hospital for psychiatric examination. Following the examination, the defendant was returned to the court since it was found that he could not be benefited by treatment at the hospital.

In defendant's abstract there are only two specifications of error: First, he complains of the fact that he was not given a continuance before his trial. Secondly, he complains of the admission of a purported written confession.

Both of these complaints would be classified as trial errors. We thereupon must ascertain whether appellant has sufficiently brought his trial errors before the court.

In order to do this the appellant must appeal from the order denying the motion for new trial in which the errors were noted and

then the failure to grant the motion for new trial must have been specified as error. Obviously, the last requirement has not been complied with as we noted above.

In the case of *State v. Bednark*, 187 Kan. 236, 356 P. 2d 848, we find the rule stated as follows:

"In the recent case of *State v. Hamilton*, 185 Kan. 101 340 P. 2d 390, many of our state cases pertaining to rule No. 5 were discussed and we again concluded that in order for the supreme court to review alleged trial errors in a criminal prosecution it is required that the defendant appeal from the order overruling his motion for a new trial, and, in addition thereto, such ruling *must* be specified as error. (Citing *State v. Shehi*, 125 Kan. 110, 263 Pac. 787; *State v. Brown*, 145 Kan. 247, 65 P. 2d 333; *State v. Owen*, 161 Kan. 361, 168 P. 2d 917, and *State v. Turner*, 183 Kan. 496, 328 P. 2d 733, 359 U. S. 206, 3 L. Ed. 2d 759, 79 S. Ct. 739.) See also *State v. Trinkle*, 186 Kan. 809, 352 P. 2d 937; 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 175, 176; 2 West's Kansas Digest, Appeal & Error, § 719 [10], § 722 [1]." (p. 237)

In view of the above authorities and because the matter of new trial was not specified as error, all that can be done is to announce that the judgment is affirmed.